**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     08-1700** |
| **SEA MAR MANAGEMENT, LLC, ET AL.** | **SECTION: "M" (4)** |

## ORDER

Before the Court is a **Motion for Expedited Hearing (R. Doc. 45)** filed by the Plaintiffs, Atel Maritime Investors, LP's, Atel Maritime Investors, III, LP, and Kala Kane, LLC (collectively referred to as "Atel") on their **Motion to Stay Defendant's Discovery Until the Court Decides Defendant's Pending Motion To Quash Filed, or in the Alternative, Motion For Status Conference (R. Doc. 48).** The Defendants, Sea Mar Management LLC and Nabors Well Services Co. (collectively referred to as "Sea Mar"), submitted a Response.  (R. Doc. 51).

Also before the Court is the **Defendants' Objections To Plaintiff's Notice of Records Deposition To Hornbeck Offshore Services, LLC and Motion To Quash (R. Doc. 25)**, filed by Sea Mar Management and Nabors Well Services Company which was heard without oral argument on September 24, 2008 and is currently pending before the Court.  Before considering the subject motion, the Court deems it appropriate to consider the earlier filed Motion to Quash and hereby does so.  The Court further concludes that in the interest of justice, expedited review of the pending matters is appropriate.

I.     **Background**

On April 21, 2008, Atel filed the instant action against Sea Mar for breach of contract, based on Sea Mar's purported failure to collect revenues and to provide Atel with monthly accounting reports pursuant to two Master Bareboat Charter Agreements ("Charter Agreements") entered into by the parties.  (R. Doc. 1).  On July 7, 2004, Atel acquired four vessels for investment purposes.  (R. Doc. 1).  It retained Sea Mar to charter, operate, manage, maintain, and collect all revenue generated as a result of this acquisition.  (R. Doc. 1).  Sea Mar also was responsible for providing Atel with monthly accounting reports of gross revenues received with respect to each vessel.  (R. Doc. 1).  Pursuant to the Charter Agreements, Sea Mar allegedly was to receive a variable Management Fee based upon the amount of daily revenue generated and was supposed to be reimbursed for any operating expenses incurred as a result of its duties under the Agreements.  (R. Doc. 1).

Atel now alleges that Sea Mar failed to provide the monthly reports and to send copies of invoices submitted for time charters, as required by the Charter Agreements.  (R. Doc. 1).  It further asserts that Sea Mar has refused to deliver all records related to the vessels.  (R. Doc. 1).  Based on these purported contractual violations, Atel seeks damages in excess of $2.7 million.  (R. Doc. 1).  It also seeks a full and complete accounting from Sea Mar.  (R. Doc. 1).

During the course of the litigation, Atel purportedly issued a *subpoena duces tecum* and a Notice of Records Deposition to third-party Hornbeck Offshore Services, LLC ("Hornbeck"), seeking the production of certain documents with a compliance deadline of August 27, 2008.[1]  (R.

---

[1] Specifically, Atel seeks: minutes from the Board of Director meetings for Sea Mar and for Nabors; Assignment Agreement documents; documents reflecting monthly revenue generated by Atel's vessels; Charter Hire Agreements; correspondence regarding Atel's assignment with Hornbeck; and any other documents relating to the four Atel vessels being managed by Sea Mar.  (R. Doc. 25-2).

Docs. 25, 32, 39, 41).  Atel asserts that, on August 7, 2007, Hornbeck consented to the assignment of all of Sea Mar's rights, duties, and obligations under the Charter Agreements.  (R. Doc. 32, p. 5; *See also* Consent To Assignment, R. Doc. 32-3, Def.'s Ex. 1).  Atel contends that, as a result of this alleged assignment,  Hornbeck now has possession of "relevant and pertinent" documents that were formerly in the possession and control of Sea Mar.  (R. Doc. 32).  It maintains that "all documents mentioning or referring to Atel belong to Atel since they were generated and compiled by Atel's agent, Sea Mar."  (R. Doc. 32, p. 7).

On August 26, 2008, Sea Mar and Nabors Wells Services Co. ( hereinafter referred to as "Sea Mar") filed the instant motion, simultaneously lodging its objections to Atel's Notice of Records Deposition and seeking a Motion To Quash.  (R. Doc. 25).  Sea Mar argues that Atel failed to comply with the requirements of the Federal Rules of Procedure, because no subpoena was issued to Hornbeck.  (R. Doc. 25).  Alternatively, it raises several objections to the requested documents on grounds of privilege, trade secrets, confidentiality, privacy, and relevance.  (R. Doc. 25).  In its Reply Memorandum, Sea Mar contends that Atel failed to attach admissible evidence demonstrating its substantial need or its inability to obtain the documents without undue hardship.  (R. Doc. 39).  It insists that Hornbeck does not own the documents and therefore cannot determine which documents were made for Atel's benefit or under Atel's instruction.  (R. Doc. 39).

Atel contends that it is entitled to discover the requested documents from Hornbeck and further argues that such documents should have been voluntarily produced by Sea Mar.  (R. Doc. 32).  It also implicitly argues that Sea Mar has not met its burden of showing that the alleged subpoena was either unreasonable or oppressive.  (R. Doc. 32, p. 2).  Atel maintains that the requested documents are relevant, as they will provide Atel with a basis upon which it may develop

any necessary responses to claims raised or potential dispositive motions filed by Sea Mar. (R. Doc. 32). It further asserts that the documents sought are not privileged and that, "to the extent any trade secret, confidential, or privileged documents have been produced by Sea Mar . . . to Hornbeck" the privilege protections are waived, because the documents were provided to a third-party  (R. Doc. 32-2, p. 11). It suggests that these documents be submitted to the Court for *in camera review* for a valid determination of privilege.

II.      **Standard of Review**

Rule 34 provides that a party may serve on any other party a request to produce and permit inspection or copying of relevant documents. FED. R. CIV. P. 34.  It further provides that "[a] person *not a party* to the action may be compelled to produce documents and things or to submit to an inspection *as provided in Rule 45."*  FED. R. CIV. P. 34(c) (emphasis added).

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden.  FED. R. CIV. P. 45(c)(3).  It further provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." *Id.*

III.     **Analysis**

A.      **Motion to Quash**

Sea Mar and Nabors Wells Services Co.  filed the subject motion contending that the Notice of Deposition for Records propounded upon Hornbeck, a third party, should be quashed because it does not comply with the Federal Rules of Civil Procedure.  They contend that the Notice should be quashed because: (1) it was sent to Hornbeck, a non-party without a subpoena and is defective;

(2) it seeks privileged and confidential information; and (3) it is subject to privacy objections of individuals who are not parties to the subject action. They further contend that the Notice also seeks documents which would require the disclosure of trade secrets and other confidential information; and that it seeks documents from Hornbeck which are in Hornbeck's custody, but which Hornbeck is not authorized to release. They also assert that the documents are more properly sought through a discovery request for production of documents directed at Sea Mar, the party in this lawsuit, rather than in a subpoena to Hornbeck, a third-party with no authorization to disclose the material. (R. Doc. 39, p. 5).

Atel contends that its Notice of Deposition for Records directed to Hornbeck should not be quashed, because it timely notified Hornbeck of its intent to obtain the requested documents. Atel contends that, although it seeks documents from third-party Hornbeck, the documents are indeed relevant, and are not confidential or privileged. Atel also insists that it does not seek trade secret information.

Where a party seeks to obtain discovery from a nonparty, a *subpoena duces tecum* must be served along with the discovery pleading. *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985). Hence, "[a] party seeking testimony or production of documents upon deposition of a non-party should comply with Fed. R. Civ. P. 45." *Phoenix Mut. Life Ins. Co. v. College Court*, No. 92-2254-KHV, 1993 WL 840532, at *1 (D.Kan May 17, 1993) (citing *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 691 (D. Kan. 1990). Accordingly, a Court may sustain a party's motion to quash for such improper use of procedure. *Id.* (quashing deposition notices issued to non-parties for failure to include subpoenas).

The Court notes that the Notice of Records Deposition attached to the subject motion does

not have a subpoena accompanying it.  However, the pleadings are replete with references to the "subpoena."  In fact, Atel mentions the subpoena in both its Opposition Memorandum and its Sur-Reply Memorandum.  (*See generally* R. Docs. 32, 41).  The Court notes that, despite the Assignment Agreement between Sea Mar and Hornbeck wherein Sea Mar purportedly assigned its rights, duties, and obligations under the Charter Agreements to Hornbeck, Hornbeck is not a party to the subject litigation.  Furthermore, Sea Mar claims ownership of the documents sought by the Notice of Deposition for Records such that it contends that Hornbeck lacks the authority to decide to produce the documents since they do not belong to Hornbeck.  Rule 34(c), when read in conjunction with Rule 45, requires that a subpoena be issued along with the Notice for Records Deposition in order for Atel to properly seek production of the requested documents from Hornbeck.   The failure to provide the required subpoena renders the Notice of Deposition for Records issued to non-party Hornbeck defective, such that the Motion to Quash is granted.

### B.    Motion to Stay Defendant's Discovery

Atel filed a Motion to Stay Sea Mar and Nabors's Discovery pending the Court's ruling on the Motion to Quash.  Atel contends that it had agreed with Nabors that, pending the Court's ruling on the Motion to Quash, there would not be any discovery of the documents in Hornbeck's custody.  (R. Doc. 48, p. 3).  Atel conceded, however, that this agreement did not include a limitation on Nabors from obtaining the documents outside of the case.  (R. Doc. 48, p. 3).  Consequently, on October 1, 2008, Nabors propounded a second Notice of Records Deposition to Hornbeck, seeking documents similar to that of Atel's Discovery Request.  (R. Doc. 48, p. 3).  It therefore filed the subject motion seeking to stay Sea Mar/Nabors's attempt to obtain the documents pending the Court's ruling.

Sea Mar/Nabors responded to the Motion to Stay, noting that they did, in fact, agree to stay all discovery until the Court had a status conference or the pending discovery was decided by the undersigned.  (R. Doc. 51).  They further agreed to stay any attempts at obtaining the records.  (R. Doc. 51).

In considering the submission, the Court notes that the second notice directed to Hornbeck contained a *subpoena duces tecum* in contrast to the first notice.   It further notes that the notice is a Notice of Deposition by Written Questions rather than a Notice of Deposition for Records Only.  The Court has not been asked to consider the scope or sufficiency of the Notice of Intention to Take Deposition by Written Questions or the accompanying subpoena.  In light of the ruling above, the Court finds that Atel's Motion to Stay Defendant's Discovery is denied.

**IV.**    **Conclusion**

Accordingly,

**IT IS ORDERED** that Atel's **Motion for Expedited Hearing  (R. Doc. 45)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Sea Mar's **Objections To Plaintiff's Notice of Records Deposition To Hornbeck Offshore Services, LLC and Motion To Quash (R. Doc. 25)** is **GRANTED.**  Atel's Notice of Records Deposition is hereby quashed.

**IT IS FURTHER ORDERED** that Atel's **Motion To Stay Defendant's Discovery Until the Court Decides Defendant's Pending Motion To Quash Filed, or in the Alternative, Motion For Status Conference (R. Doc. 48)** is **DENIED.**

New Orleans, Louisiana, this 27th day of October 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

7