# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1700** |
| **SEA MAR MANAGEMENT, LLC** | **SECTION: "M" (4)** |

## ORDER

Before the Court is a **Motion For Reconsideration and/or for Rule 60(a)(b) Relief of this Court's Order Dated October 27, 2008 (R. Doc. 59) (R. Doc. 60)**, filed by the Plaintiffs, Atel Maritime Investors, LP, Atel Maritime Investors, III, LP, and Kala Kane, LLC (collectively, "Atel"), seeking reconsideration of this Court Order (R. Doc. 59).[1] The Defendants, Sea Mar Management, LLC and Nabors Well Services Co. (collectively, "Sea Mar/Nabors") filed a Response In Opposition to the motion. (R. Doc. 66.) The motion was heard without oral argument on Wednesday, December 3, 2008.

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th

---

[1] The Order in question: (1) granted Atel's Motion for Expedited Hearing; (2) granted the Defendants, Sea Mar Management, LLC and Nabors Well Services, Co.'s Objections To Atel's Notice of Records Deposition To Hornbeck Offshore Services, LLC and Motion To Quash; and (3) denied Atel's Motion To Stay Discovery.

Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, Atel filed its motion for reconsideration within ten (10) days of the Court's Order[2]. Therefore, the subject motion will be considered pursuant to Rule 59(e). *See Texas A&M Found.v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). Under that Rule, the Court has considerable discretion in deciding the instant motion. *See Id.*

The October 27th Order at issue granted Sea Mar/Nabors's Motion To Quash the Notice of Records Only Deposition *issued by Atel* which sought documents from third-party Hornbeck, on the grounds that the Notice was not accompanied by a subpoena. The Order also acknowledged that *Sea Mar/Nabors issued* a second Notice to Hornbeck–this time a Notice of Deposition by Written Questions–with a subpoena attached. The Court, however, declined to consider the sufficiency of the second Notice.

In the subject Motion To Reconsider, Atel argues that the Court "misperceived or overlooked" an agreement between the parties, wherein counsel for Sea Mar/Nabors purportedly agreed to waive and to refrain from asserting its defective subpoena argument as a basis for the Motion to Quash. (R. Doc. 60-2, p. 3; R. Doc. 60-3, Ex. A, p. 2, Aff. of Victorine C. Owens, Nov. 3, 2008.) According to Atel, the parties agreed that the re-issuance of the Notice with the subpoena to Hornbeck would "cure" any perceived procedural defect. (R. Doc. 60-2, p. 2.)

Atel claims that Sea Mar/Nabors "no longer asserted that the failure to serve Hornbeck with a subpoena was a viable basis for its motion." (R. Doc. 60-2, p. 3.) It further alleges that both parties only intended for the Court to only consider the substantive arguments, *i.e.,* relevancy, privilege, and confidentiality. Thus, Atel maintains that "the failure of the Court to consider

---

[2] The Court issued its Order on October 27, 2008 (R. Doc. 229), and Atel filed the subject motion for reconsideration 6 days later, on November 3, 2008. (R. Doc. 237).

2

counsel's agreement . . . was outcome determinative." (R. Doc. 60-2, p. 4.) It asserts that "*if the Court had been made aware* of the parties' agreement and the subsequent issuance of a subpoena on Hornbeck, the outcome of its Order would have been different." (R. Doc. 60-2, p. 4) (emphasis supplied).

Sea Mar/Nabors on the other hand, urges the Court to deny Atel's motion and to uphold its prior ruling. Sea Mar/Nabors explains that it filed its Motion To Quash the subpoena which was issued to Hornbeck because: (1) no subpoena was served upon Hornbeck; and (2) certain information sought via the subpoena purportedly is confidential, privileged, irrelevant, and/or improperly within Hornbeck's possession. (R. Doc. 66, p. 1.) Sea Mar/Nabors emphasizes that the documents in Hornbeck's possession actually belong to Nabors. It therefore argues that Hornbeck "cannot exercise ownership privileges (i.e. disclosure) over documents that it does not own." (R. Doc. 66, p. 2.) Sea Mar/Nabors further insists that Atel should have served Nabors with a Request for Production. It maintains that it is entitled to review the documents in the absence of Atel in order to ascertain potential confidentiality and/or privilege issues *prior to* disclosure of any documents. (R. Doc. 66, pp. 2-3) (emphasis supplied).

The Court first notes that, until now, neither party provided the undersigned with any support whatsoever for the purported agreement that serves as the basis for the subject motion to reconsider. The affidavit of Victorine Owens and the subsequent email attachments outlining discussions between counsel should have been included with the multiple pleadings that the Court considered prior to the issuance of its October 27th Order on the Motion To Quash. Furthermore, the Court notes that the parties cannot decide what the Court will/will not consider regarding an apparent failure to comply with the Federal Rules.

It is very clear from the submissions in the record that Atel failed to issue a subpoena to

Hornbeck along with the Notice of Records Deposition. Hornbeck is not a party to the instant litigation. Hence, the failure to serve a subpoena renders the Notice procedurally deficient pursuant to clear mandates of Rule 45.

In addition, while Atel argues that the re-issued Notice and the accompanying subpoena were meant to cure the procedural deficiency, both parties failed to explain that fact notwithstanding several chances to do so. A careful perusal of the docket in this case will reveal that the Court granted leave for a Reply and a Sur Reply to the Motion to Quash. (R. Docs. 38 and 40.) Thus, counsel for both parties had multiple opportunities to properly and clearly present the issues to the undersigned for review. However, they failed to do so, and the Court issued its ruling after a careful consideration of all of the facts and arguments before it.

The Court reminds counsel that any "misperception and/or oversight" was strictly on the part of the parties, due to their failure to thoroughly present the terms and conditions of Sea Mar/Nabors's purported agreement to waive its defective argument subpoena. More significantly, on the first page of its Motion To Quash, Sea Mar/Nabors's expressly states "[t]he grounds for this motion are that the records requests Plaintiffs served on non-party Hornbeck **do not comply with the applicable Rules of Civil Procedure as there is no subpoena requiring the production of records**..." (R. Doc. 25, p. 1.) Based on the foregoing, the Court denies Atel Motion for Reconsideration. The ruling on the Motion To Quash stands. To the extent that the parties wish to present issues and/or arguments concerning the scope and sufficiency of second subpoena and Notice of Deposition by Written Questions, they must do in proper form and in accordance with all applicable Local and Federal Rules.

4

Accordingly,

**IT IS ORDERED** that Atel Maritime Investors, LP, Atel Maritime Investors, III, LP, and Kala Kane, LLC's **Motion For Reconsideration and/or for Rule 60(a)(b) Relief of this Court's Order Dated October 27, 2008 (R. Doc. 59) (R. Doc. 60)** is hereby **DENIED.**

New Orleans, Louisiana, this 30th day of April 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**