# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, et al.** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., et al.** | **SECTION I/4** |

## ORDER AND REASONS

Before the Court is a motion to dismiss for lack of personal jurisdiction filed by defendant, Nabor's Industries, Ltd. ("NIL").[1] Plaintiffs, Atel Maritime Investors, LP, et al. ("Atel"), oppose the motion. For the following reasons, NIL's motion to dismiss is **DENIED.**

### *BACKGROUND*

On July 4, 2004, Atel entered into two Master Bareboat Charter Agreements ("MBCA") with defendant, Sea Mar Management, L.L.C. ("Sea Mar").[2] Under the MBCA, Sea Mar agreed to use its "commercially reasonable efforts to obtain time charters for four Atel vessels ("the Atel vessels") for a period of three years.[3]

To understand Atel's allegations in this case, it is important to examine the defendants' corporate structure. Defendant, NIL, is a holding company.[4] At the time of the contract at

---

[1] R. Doc. No. 158. NIL requests, in the alternative, a motion for summary judgment. Because this Court has requested additional briefing from the parties with respect to the fraud issue, the Court will reserve its ruling on NIL's motion for summary judgment.
[2] R. Doc. No. 1. Atel and Sea Mar agreed to two charter agreements covering four vessels. The terms of the two charter agreements are identical with the exception of the vessel names and the Atel entity involved. See R. Doc. No. 161-4. Because the material terms are identical, the Court will treat them as one agreement for the purposes of deciding this motion.
[3] R. Doc. No. 161-4, pp. 1-2.
[4] R. Doc. No. 161-6, p. 16.

1

issue,[5] it held interests in both Sea Mar and defendant, Nabors Well Services, Co. ("NWS").[6] NWS was a wholly owned subsidiary of NIL. NIL held a 25% interest in Sea Mar.[7] Additionally, the President of NWS, Jan De Witt, was a member of the board of directors of Sea Mar.[8] Atel alleges that the relationships between these companies provided the motive for the alleged fraud.

Atel alleges that, over the course of the MBCA, Sea Mar, NIL, and NWS breached the terms of the MBCA[9] and engaged in a fraud to steal a portion of the revenues generated from time chartering the Atel vessels.[10] Under the MBCA, in exchange for Sea Mar's commercially reasonable efforts to obtain time charters, Atel promised to pay Sea Mar a management fee of $300.00 per day per vessel plus an incentive fee of 5% of the gross daily revenues in excess of $5000.00 per day per vessel.[11] Atel alleges that rather than have Sea Mar charter the vessels directly, NWS would locate the potential charterers. Once a customer was found, Sea Mar would first charter the vessel to NWS. In turn, NWS would subcharter the Atel vessels to the end user at a higher rate. Because Sea Mar paid Atel the revenue earned as a result of the initial charter between Sea Mar and NWS, Atel contends that this arrangement meant that Atel received less revenue than if Sea Mar had chartered the vessels directly to the end-users.[12]

On November 17, 2009, NIL filed this motion to dismiss arguing that NIL, a Bermuda corporation with "no office, agents, or employees in Louisiana," did not have sufficient activities

---

[5] NIL sold its interest in Sea Mar to an unrelated entity, Hornbeck Offshore, in August, 2007. R. Doc. No. 161-9, p. 28.
[6] R. Doc. No. 161-6, p. 16.
[7] R. Doc. No. 161-9, p. 21.
[8] R. Doc. No. 161-6, p. 17.
[9] R. Doc. No. 1, paras. 6-9.
[10] R. Doc. No. 102.
[11] R. Doc. No. 161-4, p. 12.
[12] R. Doc. No. 102, para. 42.

in Louisiana to justify this Court's jurisdiction. Atel contends that NIL's actions in directing the alleged fraud are sufficient to justify jurisdiction.

*STANDARD OF LAW*

**Rule 12(b)(2) and Personal Jurisdiction**

In the context of a motion filed pursuant to Rule 12(b)(2), a plaintiff must establish a court's personal jurisdiction over the defendant. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case that the Court has jurisdiction over a defendant. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).[13] If the defendant disputes the factual bases for jurisdiction, "the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue." Walk Haydel & Associates, Inc. v. Coastal Power Production Co., 517 F.3d 235, 241 (5th Cir. 2008) (citations and quotations omitted). The court should not, however, act as a fact finder and it must construe all disputed facts in the plaintiff's favor. Id.

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Moncrief Oil Int'l v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007). As "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits" the Court need only consider the second step of the inquiry. Walk Haydel, 517 F.3d at 242-43 (citing A&L Energy, Inc. v. Pegasus Group, 791 So.2d 1266, 1270 (La. 2001)).

---

[13] While the plaintiff must ultimately demonstrate that jurisdiction is proper by a preponderance of the evidence, courts are permitted to defer the resolution of that question until trial to allow it to be resolved along with the merits. See Walk Haydel & Assoc., Inc. v. Coastal Power Production Co., 517 F.3d 235, 241 (5th Cir. 2008).

"The 'minimum contacts' prong is further subdivided into contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction." Freudensprung v. Offshore Tech. Serv., Inc., 379 F.3d 327, 343 (5th Cir. 2004).

> Where a defendant has continuous and systematic general business contacts with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum.

Luv N' care, Ltd., v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (internal citations and quotations omitted).

The constitutional requirements for specific jurisdiction may be satisfied by a showing that the defendant has "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." Luv N' care, 438 F.3d at 469 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Specific personal jurisdiction is a claim specific inquiry. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each of them. . . the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274-75 (5th Cir. 2006).

The Fifth Circuit follows a three-step analysis for specific jurisdiction. First, the Court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there."[14] Nuivo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002). The "minimum contacts" inquiry is fact intensive and no one

---

[14] "The 'minimum contacts' requirement can be established through contacts sufficient to assert either specific or general jurisdiction." Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841 (5th Cir. 2000).

4

element is decisive; rather the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" in the forum state. Luv N' care, 438 F.3d at 470 (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." Moncrief Oil, 481 F.3d at 312 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985)).

Second, the Court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." Nuivo Pignone, 310 F.3d at 378. The proper focus of the personal jurisdiction analysis is on the "relationship among the defendant, the forum, and the litigation." Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 487 (5th Cir. 2008).

Last, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable." Seiferth, 472 F.3d at 271(citing Burger King, 471 U.S. at 482). In this inquiry the Court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." Luv N' care, 438 F.3d at 473. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Johnston*, 523 F.3d at 615 (citing Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999)). "The relationship between the defendant and the forum must be such that it is reasonable to require the defendant to defend the particular suit which is brought there." Id. (quoting Guidry v. U.S. Tobacco Co., 188 F.3d 619, 630 (5th Cir. 1999).

*DISCUSSION*

**A. Motion to Dismiss for Lack of Personal Jurisdiction.**

*1) Minimum Contacts Test*

The first step in the Court's analysis is examining whether the defendant has minimum contacts with the forum state. NIL argues that specific jurisdiction is inappropriate because "Atel's claims against NIL are based on nothing more than NIL's role as parent company to Nabors."[15] NIL ignores, however, plaintiff's allegations that NIL, through its CEO, Eugene Isenberg, directed its subsidiaries to execute the alleged fraud.

NWS President and Sea Mar Board Member, Van DeWitt, testified at his deposition that he received a phone call from NIL CEO Isenberg in June or July, 2004.[16] In this phone call, Isenberg allegedly instructed DeWitt to construct an arrangement that would allow NWS to retain ten percent of the revenues generated by chartering the Atel vessels.[17] Based on these instructions, DeWitt informed the Sea Mar Board of Directors of his intent to implement this plan even over the objections of the other Directors.[18]

Atel, as the nonmoving party, is entitled to reasonable inferences in favor of jurisdiction. Moses v. Universal Ogden Servs., 16 F.Supp.2d 680, 681 (E.D.La. 1998) (Fallon, J.). The evidence presented by Atel suggests that the alleged scheme was implemented at the behest of NIL in a manner that would allow NIL, as the parent company of NWS, to obtain more revenue from chartering the Atel vessels than the contract allowed.

When a nonresident defendant commits an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state to permit a court to exercise personal jurisdiction over the defendant. Guidry v. United States Tobacco Co., 188 F.3d 619, 628 (5th Cir. 1999). "Even an act done outside the state that has

---

[15] R. Doc. No. 158-3, p. 3.
[16] DeWitt testified that he received the phone call on his cellular phone while he was in Houston, Texas. R. Doc. No. 161-10, p. 100. It is unclear where the call originated from. The Court will assume for the purposes of this motion that the call was initiated from outside of Louisiana.
[17] R. Doc. No. 161-10, p. 130.
[18] R. Doc. No. 161-8, p. 42.

consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." Id.; see also Calder v. Jones, 465 U.S. 783 (1984) (holding that because nonresident defendants knew its injurious effects would be felt by plaintiff in the forum state, defendants had "expressly aimed" their intentional and allegedly tortious conduct at the forum state and the minimum contacts test was met).

Plaintiffs have made a *prima facie* showing that the phone call by CEO Isenberg was intended to precipitate the arrangement that gave rise to the claim being asserted. Even a single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. See Lewis v. Fresne, 252 F.3d 352, 358-59 (5th Cir. 2001) (holding that a single phone call and mailing of allegedly fraudulent materials concerning corporation were sufficient to establish personal jurisdiction over involved defendants). It is not unreasonable for NIL, which allegedly caused its subsidiaries to commit breach of contract and fraud within Louisiana, to expect to have to answer for its conduct in Louisiana. See Central Freight Lines Inc. v. APA Transport Corp., 322 F.3d 376, 384 (5th Cir. 2003) (upholding a finding of personal jurisdiction based on allegations that a nonresident defendant intentionally interfered with the contractual relationship of two forum based companies whose business dealings were based in the forum). Accordingly, defendant had sufficient "minimum contacts" to support a finding of specific jurisdiction

> *2)Whether plaintiff's cause of action arises out of or results from the defendant's forum-related contacts.*

The Court next examines whether Atel's cause of action arises out of or resulted from NIL's forum-related contacts. As noted above, Atel alleges that the fraud was initiated as a

result of NIL's CEO's contact with the forum. Therefore, Atel's claims necessarily arise out of NIL's contacts with Louisiana.

*3) Whether jurisdiction is unfair or unreasonable*.

As stated, once plaintiff has established a *prima facie* case that jurisdiction is appropriate, the burden shifts to the defendant to show that jurisdiction is unfair or unreasonable. Seiferth, 472 F.3d at 271(citing Burger King, 471 U.S. at 482). "To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a compelling case against it." Wien Air, 195 F.3d at 215 (quotations omitted). Further, if the cause of action for fraud is directly related to the tortious activities that give rise to personal jurisdiction, an exercise of jurisdiction likely comports with the due process clause. Id.

NIL argues that litigation in Louisiana will place "an extraordinary burden on NIL because it maintains no records, files, or authorized personnel in Louisiana."[19] As plaintiff notes, however, NIL's CEO is based in NIL's corporate office in Houston.[20] While NIL might be a Bermuda corporation, the generalized difficulty of traveling to the forum is not a due process violation. See McFadin v. Gerber, 2009 WL 3722729, at * 7 (5th Cir. 2009); Wien Air, 195 F.3d at 215 ("[O]nce minimum contacts are established, the interests of the forum and the plaintiff justify even large burdens on the defendant.").

Both Atel's interest in obtaining relief and Louisiana's interest in deterring fraud within its borders are furthered by a finding of jurisdiction. Additionally, since the MBCA required Atel to file this lawsuit against Sea Mar in this forum, litigation in this forum furthers the interest of the interstate judicial system in the efficient administration of justice. Based on a weighing of

---

[19] R. Doc. No. 158-3, p. 4.
[20] R. Doc. No. 170-2.

8

the applicable factors, NIL has not made a "compelling case" that litigating in this forum would be unreasonable or unfair.

## *CONCLUSION*

For the reasons state above,

**IT IS ORDERED** that NIL's motion to dismiss is **DENIED.**

New Orleans, Louisiana, December 23, 2009.

    _____
          **LANCE M. AFRICK**
    **UNITED STATES DISTRICT JUDGE**