UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., ET AL** | **SECTION I/4** |

## ORDER AND REASONS

Before the Court is a motion, filed by plaintiffs, Atel Maritime Investors, LP, et al ("Atel"), for review of the U.S. Magistrate Judge's order denying in part plaintiffs' motion for leave to file a third amended complaint.[1] Defendant, Sea Mar Management, L.L.C. ("Sea Mar"), opposes the motion. For the following reasons, the order is **AFFIRMED.**

### *BACKGROUND*

The facts underlying Atel's allegations have been articulated by this Court in its previous orders.[2] To summarize, Atel alleges that it entered into an agreement with Sea Mar wherein Sea Mar, in exchange for a fee, agreed to find subcharterers for four Atel vessels and remit the proceeds back to Atel. Atel contends that Sea Mar along with co-defendants, Nabors Industries, Ltd. ("NIL"), and Nabors Well Services ("NWS"), engaged in a conspiracy to siphon a portion of the funds owed to Atel generated by the use of the Atel vessels.

---

[1] R. Doc. No. 261.

[2] See R. Doc. Nos. 201, 268.

On February 19, 2010, Atel filed a motion for leave to file a third amended complaint.[3] On April 19, 2010, the U.S. Magistrate Judge granted the motion in part and denied the motion in part.[4] Atel appeals that portion of the U.S. Magistrate Judge's order denying leave to add a claim against Sea Mar Investco, LLC ("Investco").[5]

## STANDARD OF LAW

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

Atel sought leave to amend its complaint to add a claim that would permit Atel to pierce Sea Mar's corporate veil and allow Atel to proceed against Sea Mar's parent corporation, Investco.[6] The U.S. Magistrate Judge denied Atel's motion for leave as futile[7] because Investco

---

[3] R. Doc. No. 237.

[4] R. Doc. No. 257. The U.S. Magistrate granted Atel leave to add claims alleging unfair/deceptive trade practices, single business enterprise, intentional interference with contract, intentional misrepresentation, and negligence. The order also permitted Atel to amend its previously pled contract claim. The order denied leave to add Sea Mar Investco, LLC as a defendant, to add a claim for piercing the corporate veil against Investco, to add an aiding and abetting claim against all defendants, and to add a separate claim for punitive damages. The order also denied as premature Atel's Texas law theft of services claim. *See* R. Doc. No. 257, pp. 12-13.

[5] Atel also appealed the U.S. Magistrate Judge's order with respect to Atel's aiding and abetting claims under state law. During a telephone status conference on June 24, 2010, however, counsel for Atel informed the Court that Atel is withdrawing its appeal with respect to that theory.

[6] R. Doc. No. 237, p. 3.

"was merely a holding company owned by [Nabors Industries, Inc.] and other entities who were the real parties in interest."[8] The U.S. Magistrate Judge further held that the motion should be denied because Nabors Industries, Inc. was not a party to this matter.[9]

In appealing the U.S. Magistrate Judge's order, Atel argued that the U.S. Magistrate Judge erroneously assumed that Nabors Industries, **Inc.** owned 25% of Investco when in reality Nabors Industries, **Ltd**. was the actual owner of the 25% stake. According to the organizational chart provided by Atel, however, such argument is incorrect.[10] Defendant, Sea Mar Management, L.L.C. is wholly owned by Investco.[11] Nabors Industries, Inc.—an entity that is not a party to this case—does, in fact, own a 25% share of Investco.[12]

Based on the evidence provided by the parties, the Court cannot find that the U.S. Magistrate Judge's order is clearly erroneous or contrary to law. The U.S. Magistrate Judge found that adding a piercing the corporate veil claim was futile, in part, because counsel for Atel could not provide even the most basic support for such a claim including whether Sea Mar and Investco shared the same office structure and staffing.[13] In response to a request by the U.S. Magistrate Judge for additional support for the Investco claim, the only justification provided by

---

[7] Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend its complaint, the district court shall "freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts should consider five factors in determining whether to deny leave to amend a complaint: (1) undue delay, (2) dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendment previously allowed, (4) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). "Absent such factors, 'the leave should, as the rules require, be 'freely given''" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[8] R. Doc. No. 257, p. 5; *see also* R. Doc. No. 257, p. 10.

[9] R. Doc. No. 257, p. 10.

[10] *See* R. Doc. No. 124.

[11] R. Doc. No. 124.

[12] *See* R. Doc. No. 124.

[13] R. Doc. No. 257, p. 5.

Atel was that it was possible that third-party defendant Van Dewitt, an Investco board member, had been acting in his role as an Investco board member during his actions in this case.[14] The U.S. Magistrate Judge did not credit such speculation and the Court cannot find that such a finding is clearly erroneous or contrary to law.[15]

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the U.S. Magistrate Judge's order with respect to Atel's motion for leave to amend its complaint is **AFFIRMED**.

New Orleans, Louisiana, June 25, 2010.

								**LANCE M. AFRICK**
								**UNITED STATES DISTRICT JUDGE**

---

[14] *See* R. Doc. No. 251, pp. 6-7.

[15] The Court also notes that in addition to failing to demonstrate that the amendment is not futile, Atel has provided little explanation as to why, notwithstanding the alleged volume of discovery, it waited to amend its complaint to add Invesco as a defendant almost two years after learning that Investco was the corporate parent to Sea Mar . "Mere passage of time need not result in denial of leave to amend, but delay becomes fatal at some period of time." *Chitmacha Tribe of Louisiana v. Harry L. laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *Id.* Although the U.S. Magistrate Judge did not make any findings with respect to undue delay, the Court is troubled by the length of time that passed prior to the filing of this motion for leave to amend.

4