UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, ET AL.** | **CIVIL ACTION** |
| | **NO:      08-1700** |
| **VERSUS** | |
| **SEA MAR MANAGEMENT, LLC, ET AL.** | **SECTION: "I"(4)** |

### ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 434)** filed by the Plaintiffs, Atel Maritime Investors LP, Atel Maritime Investors, III, LP, and Kalakane, LLC (collectively, "the Plaintiffs") seeking attorney's fes pursuant to the Court's Order of January 21, 2011.  (R. Doc. 426.) The Defendants, Sea Mar Management, LLC, Nabors Well Services, Co. and Nabors Industries, Ltd. oppose the motion.  (R. Doc. 436.)

**I.      Background**

On April 21, 2008, Atel filed the instant action against the Defendants . (R. Doc. 1.)  Atel claims that on July 4, 2004, it entered into two Master Bareboat Charter Agreements with defendant, Sea Mar Management, LLC ("SeaMar").  (R. Doc. 1.)  Under the Master Bareboat Charter Agreements, Atel granted Sea Mar a demise charter[1] for four Atel vessels for a period of three years.

---

[1] A demise charter is "a charter under which the shipowner surrenders possession and controls of the vessel to the charterer, who then succeeds to many of the shipowner's rights and obligations." *Black's Law Dictionary*, 250 (8th ed. 2008).

1

The Master Bareboat Charter Agreements obligated Sea Mar to "use its commercially reasonable efforts to obtain time charters[2] for the [v]essels and to keep the [v]essels under the time charter throughout the term of this Charter." (R. Doc. 161-4, p. 3.)

Atel contends that, over the course of the Master BareBoat Charter Agreements, the Defendants breached the terms of the agreements and engaged in a fraud to steal a portion of the revenues generated from time chartering the Atel vessels. (R. Doc. 1.) Atel contends that Sea Mar Management, instead of chartering the vessels directly, would have Nabors Wells Services subcharter the vessels to the end user at a higher rate. Because Sea Mar Management paid Atel the revenue earned as a result of the initial charter between Sea Mar Management and Nabors Wells Services, Atel contends that this arrangement provided Atel with less revenue than if Sea Mar Management had chartered the vessels directly to the end-users. Atel contends that they did not grant Sea Mar Management the authority to sub-charter the vessels. Based on the purported contractual violations, Atel seeks damages in excess of $3 million. (R. Doc. 102.)

As to the instant motion, on November 29, 2010, Atel filed a Motion to Compel. In their motion to compel, Atel disputed the Defendant's failure to produce certain documentation listed on their Privilege Log. (R. Doc. 365.) Atel further sought sanctions, in the form of attorney's fees, for having to file the motion.

The Court granted the motion and compelled the Defendants to produce the subject documentation. It further partially granted the request for sanctions, in the form of attorneys fees. Specifically, the Court found that attorneys fees should be awarded for having brought the motion to compel related to the production of documents listed on the Defendants' privilege log but that fees

---

[2] A time charter is "[a] charter under which the shipowner continues to manage and control the vessel, but the charterer designates the ports of call and the cargo carried." *Black's Law Dictionary*, 250-51 (8th ed. 2008).

2

would not be awarded for Atel's prior Motions to Compel.

On February 2, 2011, Atel filed the subject motion seeking an award of attorney's fees and costs in the amount of $12,515.62. The Defendants oppose the motion and contend that the amount sought by Atel is excessive. The Defendants seek to reduce the amount of fees awarded to $3,437.50.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees.[3] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[4]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to

---

[3]Although in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees, *see Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), the instant motion relates to an award of sanctions, in the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37. Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the Federal standard.

[4] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.   Analysis

#### A.   Reasonableness of Billing Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Three of Atel's attorneys worked on the motion to compel: Glenn Goodier, Christopher S. Mann, and Matthew S. Lejeune. Glenn Goodier, a Senior Partner at Jones, Walker, Waechter, Poitevent, Carrere & Denegre L.L.P ("Jones Walker") has 35 years of experience in domestic and international maritime law and routinely tries cases in both federal and state courts in Louisiana. He graduated from Loyola University Law School in 1971 and has served as the head of the maritime and admiralty practice group for the past fifteen years. Goodier's hourly rate in both 2010 and 2011 for legal work performed in the New Orleans area is $375.00 per hour. However, in this matter, he charged a rate of $300.00 per hour.

Mann has over eleven years of experience in complex commercial and maritime litigation. He graduated in 1999 from the Tulane University School of Law *Magna Cum Laude* and Order of the Coif. He has served as an attorney at Jones Walker since 1999 and was named partner in 2006. His standard rate in 2010 and 2011 was $300.00 per hour. However, in this matter, he charged a rate of $275.00 per hour.

Lejeune has nearly two years of experience in maritime litigation. He graduated in 2009 from the Paul H. Hebert Center at Louisiana State University and has been an Associate at Jones Walker since 2009. His standard hourly rate in 2010 and 2011 was $200.00. However, in this matter, he charged a rate of $185.00 per hour.

In support of their motion, Atel submitted the affidavit of Norman Sullivan, a Senior Partner

at Fowler, Rodriguez, Valdes-Fauli as opinion evidence of the reasonableness of the rates charged by the billing attorneys. Sullivan states that he has been practicing before the federal and state courts in Louisiana for 37 years. Additionally, he indicates that his practice is concentrated in the area of complex commercial and maritime litigation in both state and federal courts. He attests that the rates of the billing attorneys in this matter are reasonable.

The Defendants contend that the hourly rates charged by Goodier, Mann, and Lejeune are not reasonable in light of the reasonable rates charged by attorneys with similar reputation and experience in the New Orleans community. The Defendants contend that Sullivan's affidavit indicates that at his own firm, a reasonable rate for a person with 11 years of experience is $250.00 per hour and the rate for a person with two years of experience is $175.00 per hour. The Defendants contend that Goodier's hourly rate should be reduced from $300.00 to $250.00, Mann's rate from $275.00 to $250.00, and LeJeune's rate from $185.00 to $175.00.

The Court finds that the evidence shows that a reasonable hourly rate for both Goodier and Mann is $250.00 and $175.00 for LeJeune and adjusts their rates accordingly.[5]

### B.     Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th

---

[5]*See* (R. Doc. 434-5, Exh. 3)(demonstrating that an hourly rate of $250.00 is appropriate for an attorney with eleven (11) years experience and $175.00 is appropriate for an attorney with two (2) years experience).

Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, Atel contends that Goodier expended 5.6 hours, Mann expended 33.2 hours, and Lejeune expended 7.5 hours on the 8 page motion to compel and corresponding exhibits. There is no indication that any of these attorneys exercised billing judgment. In fact, the attorneys engaged in block billing which included work for other motions and even included a conference with the presiding Judge which is irrelevant to the motion to compel.[6] Block billing is prohibited in Federal Court.[7] Therefore, the Court will reduce the hours charged by each billing attorney by thirty-five percent (35%).

Therefore, Goodier's hours are reduced from 5.6 hours to 3.64 hours. Mann's recoverable

---

[6]For example, on November 19, 2010, Atel made the following billing entry for 3.60 hours:

> Analysis of Atel Discovery requests regarding documents and communications involving Van DeWitt and attorneys; reviewed defendants [sic] multiple sets of responses, defendants' privilege log and correspondence from defense counsel addressing discovery issues; reviewed Judge Roby's 7/15/10 order on Atel's motion to compel; drafted correspondence to defense counsel demanding production of responsive documents; drafted correspondence to Mr. Morais updating him on same; received and reviewed Nabors' surreply to Dewitt's motion to dismiss.

(R. Doc. 434-4, p. 2. Exh. 2.)

[7]Block billing is a method of time keeping in which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Harris v. Allstate Ins., Co.* 2009, WL 86673 (E.D. La, Jan. 12, 2009)(Roby, J.) The method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *Id.*

hours are reduced from 33.2 hours to 21.58 hours and LeJuene's recoverable hours are reduced from 7.5 hours to 4.88 hours. Therefore, the total recoverable fees are $7,159.00.[8]

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### D. Costs

Additionally, Atel seeks to recover $318.12 for Westlaw legal research performed by Lejeune on December 21, 2010. The cost request is supported by the billing entry by Lejeune for researching whether a party waives any applicable privilege when it fails to properly and timely asserted the privileges in a log.[9] The Court finds that the costs is reasonable. Therefore, the total amount owed by the Defendants is $7,477.12.

---

[8] Goodier's reduced hours of 3.64 multiplied by his reduced hourly rate of $250.00 equals a total bill of $910.00 for Goodier's services. Mann's reduced hours of 21.58 multiplied by his reduced hourly rate of $250.00 equals a total bill of $5,395.00 for his services. Lejeune's reduced hours of 4.88 multiplied by his reduced hourly rate of $175.00 equals a total bill of $834.00 for his services.

[9] Exhibit 2, Billing Invoice, Lejeune, Time Entry, 12/29/10.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Atel's **Motion to Fix Attorney's Fees (R. Doc. 434)** is hereby **GRANTED**.  The Court finds that a total award of **$7,477.12** is reasonable in this matter.

**IT IS FURTHER ORDERED** that the Defendants shall satisfy their obligation to Atel no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 27th day of June 2011

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**