# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., NABORS WELL SERVICES CO., and NABORS INDUSTRIES, LTD.** | **SECTION: "G"(4)** |

# ORDER

Before the Court is Defendants' Motion for Leave to Supplement Defendants' Pretrial Order Exhibit List,[1] wherein Defendants request leave to supplement their Pretrial Order Exhibit List to include "Sea Mar Management LLC and Atel's Bank One Account statements from the Joint Lock Box Account with the corresponding spreadsheets for the periods between January 2006 and August 2007." Plaintiffs filed a memorandum in opposition,[2] arguing that this Court should deny leave on the basis that the exhibits sought to be included were not previously identified on any of Defendants' prior exhibit lists. Plaintiffs admit, however, that the specific documents now sought to be included were previously included in documents identified by Plaintiffs as an exhibit listed in a May 31, 2012 Joint Proposed Pretrial Order.[3] Further, Plaintiffs argue that the documents in question have always been in Defendants' possession and that Defendants have not provided a persuasive excuse for Defendants' failure to identify these documents on their own exhibit list.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court has discretion to modify a scheduling order upon a showing of "good cause."[4] The district court has "broad

---

[1] Rec. Doc. 547.

[2] Rec. Doc. 549.

[3] Rec. Doc. 509 at p. 54.

[4] Fed. R. Civ. P. 16(b)(4).

1

discretion to preserve the integrity and purpose of the pretrial scheduling order"[5] and to grant leave to amend, as such a decision will be reviewed only for abuse of discretion.[6]

The Court finds that general exhibit listing, "[a]ny and all documents produced by Hornbeck Offshore in response to subpoena duces tecum," which Plaintiffs admit the documents at issue here were contained in, was also listed in the Joint Proposed Pretrial Order submitted by the parties on June 8, 2012.[7] Although Defendants should have listed these documents in the Joint Proposed Pretrial Order as exhibits they intended to use at trial, because the documents were among those generally listed by Plaintiffs in the parties' most recent Joint Proposed Pretrial Order, they are not a surprise. The Court hereby determines good cause to grant leave to Defendants to supplement the Joint Proposed Pretrial Order.[8] Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave[9] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 23rd day of July, 2012.

_NANNETTE JOLIVETTE BROWN_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

[6] *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

[7] Rec. Doc. 530 at p. 59.

[8] Plaintiffs have not indicated that they would suffer prejudice by the Court granting Defendants leave to supplement the Joint Proposed Pretrial Order.

[9] Rec. Doc. 547.