UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., NABORS WELL SERVICES, CO., and NABORS INDUSTRIES, LTD.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendants Nabors Industries, Ltd. ("NIL"), Nabors Well Services Company ("NWS") and Sea Mar Management, L.L.C.'s ("Sea Mar") (collectively, "Defendants") Motion in Limine to Exclude Testimony Regarding the Intent of the Master Bareboat Charter Agreements and Any Parol Evidence (the "motion").[1] Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will deny the motion and will allow Plaintiff Atel Maritime Investors, LP, et al.'s ("Atel") to introduce parol evidence, including witness testimony, to the extent that such evidence is offered regarding Atel's non-contractual claims, is offered to demonstrate fraud regarding Atel's breach of contract claim, is offered regarding Atel's claims against NWS and NIL, or is offered for purposes other than to show prior or contemporaneous modification of the Master Bareboat Charter Agreements ("MBCAs").

## I. Background

This case arises under this Court's general maritime jurisdiction and involves events arising from the aforementioned MBCAs entered into between Sea Mar and Atel. The case has a long and

---

[1] Rec. Doc. 531.

1

complicated factual and procedural history, which this Court sees no need to recount for the purposes of deciding this motion.

## II. Parties' Arguments

By this motion, Defendants seek to exclude any evidence that Atel may seek to introduce at trial regarding the intent of the two MBCAs entered into between Sea Mar and Atel, as well as to exclude any parol evidence regarding the MBCAs, including proposed and unexecuted amendments to them. Further, Defendants specifically seek to exclude any testimony regarding intent from witnesses identified by Atel in the Joint Proposed Pretrial Order as providing testimony regarding the intent of the MBCAs between Sea Mar and Atel.

Defendants state that "all parol evidence which seeks to vary, contradict or establish the intent of the MBCAs and the discussions regarding the proposed amendment should be excluded."[2] Defendants argue that the agreements at issue in the case were fully integrated and "constitute the entire agreement between the parties," that they are unambiguous, and that, as such, parol evidence is inadmissible and this Court may not look beyond the written language of the documents.[3] Therefore, Defendants argue, evidence of prior or contemporaneous agreements is inadmissible and any witness who seeks to testify regarding the intent of the MBCAs should be precluded from testifying.[4]

---

[2] Rec. Doc. 531 at p. 1.

[3] Rec. Doc. 531-1 at pp. 1-2.

[4] *Id.* at p. 2. *See also id.* at p. 3 ("Because the MBCAs are unambiguous, Morais and Plaisance's testimony regarding the negotiations and discussions, as well as the testimony of any other witness regarding the intent of the MBCAs and the proposed amendments [is] inadmissible pursuant to the parol evidence rule. Likewise, any testimony that is contrary to or tries to vary the terms of the MBCAs is inadmissible.").

2

In opposition, Atel first responds that the motion should be denied because the evidence sought to be excluded does not constitute parol evidence.[5] Specifically, Atel argues that the evidence does not constitute parol evidence, as it "is independently relevant to ATEL's various non-contractual tort, RICO, LUTPA, and single business enterprise claims."[6] Atel alleges that proof of intent is "both relevant to and essential for ATEL to establish its non-contractual based claims."[7]

Next, Atel argues that any related evidence does not constitute parol evidence concerning Atel's claims against NWS and NIL because third parties are prohibited from invoking the parol evidence rule.[8] Atel notes that NWS and NIL were involved in the negotiation of the MBCAs, even though they were not parties to the MBCAs,[9] and Atel argues that any such evidence regarding the negotiations is admissible as to NWS and NIL.

Third, Atel argues that parol evidence is always admissible for the purpose of showing fraud in breach of contract claims[10] and that Atel must be allowed to present evidence regarding proof of intent so as to establish the requisite elements of Atel's fraud claim.[11] Specifically, Atel alleges that it has asserted "a valid claim of negligent misrepresentation," which requires proof of intent and of

---

[5] Rec. Doc. 544 at p. 1.

[6] *Id.* The Court notes that subsequent to the filing of the pending motion, this Court granted Defendants' Motion for Summary Judgment, Rec. Doc. 518, such that Atel's RICO and LUTPA claims are no longer at issue in this litigation. Rec. Doc. 555. However, Atel's argument of independent relevance survives as to Atel's non-contractual tort and single business enterprise claims.

[7] Rec. Doc. 544 at p. 3.

[8] *Id.* at p. 1.

[9] *Id.* at p. 6.

[10] *Id.* at p. 2.

[11] *Id.* at p. 3.

3

various facts presented by Defendants during the negotiations.[12]

Last, Atel argues that evidence regarding proposed amendments to the MBCAs does not constitute parol evidence because (1) the amendments were not proposed prior to or contemporaneously with the MBCAs and (2) Atel will not introduce the discussions to show modification of the contract, such that the evidence falls outside of the definition of parol evidence.[13] Atel states that the MBCAs were executed on July 7, 2004, while discussions regarding proposed amendments to the MBCAs did not begin until November of 2004,[14] and Atel contends that the admiralty parol evidence rule bars only evidence of prior or contemporaneous modifications of the written document and that the ban is wholly inapplicable to subsequent negotiations or alterations.[15]

In conclusion, Atel argues that it would be severely prejudiced if it is not allowed to present evidence of intent and evidence of the discussions of proposed amendments to the MBCAs; Atel notes that any possible prejudice to Defendants due to the admission of such evidence is minimal because the case will be tried by the judge, rather than to a jury.[16]

### III. Law and Analysis

*A. Applicable Law*

Under what is known as the parol evidence rule, "if parties to a written agreement assent to

---

[12] *Id.* at p. 7.

[13] *Id.* at pp. 7-8.

[14] *Id.* at p. 7.

[15] *Id.*

[16] *Id.* at p. 4.

4

a writing as the final and complete expression of the terms of their agreement, evidence of prior or contemporaneous agreements may not be admitted to contradict, vary, or add to the terms of the writing."[17] In Louisiana, this general rule is contained within the Louisiana Civil Code, which provides, "Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature."[18] Likewise, under general maritime law, when an agreement is unambiguous, parol evidence is not admissible to vary or contradict the written agreement or to determine the intent of the parties in entering into the agreement.[19] Accordingly, whether under Louisiana statute or under general maritime law, a court may only look beyond the four corners of a contract if the contract is ambiguous.[20] "Ordinarily, when the words of a contract are clear, explicit and lead to no absurd consequences, the meaning and the intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence."[21]

However, despite this general prohibition on looking outside the four corners of an unambiguous contract, evidence that might otherwise constitute parol evidence may be admissible

---

[17] 36 Am. Jr. Proof of Facts 3d 331 § 2 (1996).

[18] La. C.C. art. 1848. *See also King v. Uni. Healthcare Sys., L.C.*, 645 F.3d 713 (5th Cir. 2011) (citing *Stokes v. Georgia-Pacific Corp.*, 894 F.2d 764, 768 (5th Cir. 1990); La. C.C. art. 2046).

[19] *Har-Win, Inc. v. Consol. Grain & Barge, Co.*, 794 F.2d 984, 987 (5th Cir. 1986) (citation omitted).

[20] *See, e.g., Godchaux v. Conveying Techniques, Inc.*, 846 F.2d 306, 314 (5th Cir. 1988) (citing *Oceaneering Int'l, Inc. v. Black Towing, Inc.*, 479 So.2d 421 (La.App. 1 Cir. 1985)); *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 332-333 (5th Cir. 1981) (citing *Hicks v. Ocean Drilling & Exploration Co.*, 512 F.2d 817, 825 (5th Cir. 1975)).

[21] *Gulf Am. Indus. v. Airco Indus. Gases*, 573 So.2d 481, 486 (La.App. 5 Cir. 1990).

for other purposes.[22] For example, such evidence is admissible where a cause of action is independent of the contract[23] and when offered for a purpose other than undermining or altering the agreement.[24] Likewise, "[p]arol testimony is always admissible in matters of contract, to show fraud, notwithstanding its effect may be to contradict what is in the writing."[25] Further, the ban on parol evidence generally does not extend to those not party to the contract in question.[26]

## B. Analysis

Here, the Court finds that a blanket exclusion of "all parol evidence which seeks to vary, contradict or establish the intent of the MBCAs and the discussions regarding the proposed amendment"[27] would be inappropriate because the Court is persuaded by Atel's arguments that there exist other reasons to justify the admission of the evidence that Defendants seek to exclude by the

---

[22] Indeed, the Louisiana statute states, "Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement." La. C.C. art. 1848.

[23] *Metallurgical Indus., Inc. v. Fourtek, Inc.*, 790 F.2d 1195, 1206 (5th Cir. 1986) ("If Metallurgical were suing only on the contract, then the parol evidence rule unquestionably would bar evidence of prior agreements. This is not the case, however; the cause of action we are addressing on appeal is independent of any contract.").

[24] *Id.* ("their purpose was not to change or undermine the agreements embodied in the purchase order . . . . We regard their significance as stemming from legal concepts completely independent of any contractual relationship . . . .").

[25] *Barreda v. Silsbee*, 62 U.S. 146, 170 (1858) ("That principle is too well established and too generally acknowledged to require any confirmation."). *See also Geotechnical Corp. of Delaware v. Pure Oil Co.*, 196 F.2d 199, 202 (5th Cir. 1952) ("All negotiations prior to the execution of the written contract by persons authorized to contract, which are not embodied in it or contract, which are not embodied in it or shown to have been omitted by fraud, accident or mistake, are merged in the writing - it alone speaks the agreement."); *Callejo v. Bancomer*, 764 F.2d 1101, 1124 n.32 (5th Cir. 1985).

[26] *Id.* at 169 ("the [parol evidence] rule is applicable only in suits between parties to the agreement, and their representatives and those claiming under them, and not to strangers"); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 347 n.12 (1971) ("the parole [sic] evidence rule is usually understood to be operative only as to parties to a document").

[27] Rec. Doc. 531 at p. 1.

pending motion. Initially, the Court notes that the parties do not dispute that the contracts at issue are unambiguous.[28] However, as explained above, parol evidence is admissible, despite the unambiguous nature of the contract in question, where the evidence is offered to establish claims other than breach of contract, where the evidence is offered as to a contractual claim only to demonstrate fraud, and where the evidence is offered as to those not party to the agreement. Additionally, the parol evidence rule is wholly inapplicable to any negotiations subsequent to the execution of the contract at issue. For these reasons, the Court agrees that the evidence in question is relevant and admissible as to Atel's non-contractual claims, as to Atel's allegation of fraud on the breach of contract claim, and as to Atel's claims against NWS and NIL, who were not parties to the MBCAs.[29] The evidence is admissible to the extent that it is offered for purposes other than to show prior or contemporaneous modification of the MBCAs.

The Court's conclusion is bolstered by the fact that this is a bench trial, and the Court will carefully weigh the purpose for which any such evidence is presented. Because the Court will be able to assess the evidence, the Court finds that Defendants will not be prejudiced by any likelihood of confusion regarding the admissibility of such evidence for improper purposes. To the extent that evidence is offered to vary or contradict the terms of the MBCAs and in violation of the parol evidence rule, the Court will not consider such evidence. However, the evidence will be admissible

---

[28] Defendants have argued that the agreements are unambiguous, Rec. Doc. 531-1 at p. 2, and Atel has stated that it has stipulated to this fact, Rec. Doc. 544 at p. 3. Further, a previous order in this case found the MBCAs to be unambiguous. Rec. Doc. 201 at p. 5 n.20 (noting "Where, as here, the language of the contract is unambiguous . . . .").

[29] The Court notes that Defendants have presented no argument that this Court should exclude parol evidence against NWS and NIL on the basis that they participated in the negotiations even though they were not parties to the MBCAs or on the basis of Atel's single enterprise theory. Accordingly, the Court has not considered any such arguments in making its decision.

for the purposes noted by Atel in its opposition memorandum.

### IV. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine,[30] is **DENIED** and that Atel will be permitted to introduce parol evidence, including witness testimony, to the extent that such evidence is offered regarding Atel's non-contractual claims, is offered to demonstrate fraud regarding Atel's breach of contract claim, is offered regarding Atel's claims against NWS and NIL, or is offered for purposes other than to show prior or contemporaneous modification of the Master Bareboat Charter Agreements ("MBCAs").

**NEW ORLEANS, LOUISIANA**, this 24th day of July, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[30] Rec. Doc. 531.