UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., NABORS WELL SERVICES CO., and NABORS INDUSTRIES, LTD.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

In advance of a pretrial conference in the above-captioned case, the parties submitted a joint pretrial order.[1] Therein, Defendants maintained that this Court lacks personal jurisdiction over Defendant Nabors Industries, Ltd. ("NIL"), despite a previous order[2] by the judge previously assigned to this case, Judge Lance M. Africk, in which Judge Africk denied Defendants' previous Motion to Dismiss for Lack of Personal Jurisdiction.[3] During the pretrial conference, this Court indicated that it would construe Defendants' objection as a motion to reconsider Judge Africk's order and that it would allow Plaintiffs to file a brief memorandum in opposition,[4] which Plaintiffs since filed.[5] For the following reasons, the Court will not reconsider Judge Africk's order denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction; however, the Court will consider any properly urged motion by Defendants if it appears that Plaintiffs have not proved the

---

[1] Rec. Doc. 509.

[2] Rec. Doc. 207.

[3] Rec. Doc. 158.

[4] Rec. Doc. 512 at pp. 1-2.

[5] Rec. Doc. 529.

jurisdictional facts by a preponderance of the evidence at the conclusion of trial.

In Defendants' Description of Jurisdiction contained within the proposed pretrial order, the sole argument advanced regarding why this Court lacks jurisdiction over NIL is that Plaintiffs' claims against NIL are "based on nothing more than NIL's role as parent company to [another defendant]."[6] This argument was previously advanced in Defendants' original Motion to Dismiss and was rejected by Judge Africk, who found:

> NIL argues that specific jurisdiction is inappropriate because 'Atel's claims against NIL are based on nothing more than NIL's role as parent company to Nabors.' NIL ignores, however, plaintiff's allegations that NIL, through its CEO, Eugene Isenberg, directed its subsidiaries to execute the alleged fraud.[7]

Accordingly, Defendants have not now presented any new arguments regarding personal jurisdiction, nor have they presented any arguments regarding any of the other factors that courts in the Eastern District of Louisiana typically consider when contemplating reconsideration. Courts in the Eastern District of Louisiana have generally considered the following factors: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[8]

Motions for reconsideration "'are not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[9] Instead, such motions "serve the narrow purpose of allowing a party

---

[6] Rec. Doc. 509 at p. 4.

[7] Rec. Doc. 207 at p. 6.

[8] *See, e.g.*, *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (citations omitted).

[9] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

to correct manifest errors of law or fact or to present newly discovered evidence."[10] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[11] Reconsideration is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[12] and the motion must "clearly establish" that reconsideration is warranted.[13] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[14]

Here, Defendants' have advanced no new arguments regarding why this Court lacks personal jurisdiction over NIL that were not previously presented to, and considered by, Judge Africk. Further, this Court, having reviewed the prior order of Judge Africk, finds that Judge Africk correctly stated and interpreted the law regarding personal jurisdiction. In reviewing the appropriate standard of law governing the motion to dismiss that was pending before him, Judge Africk stated, "Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case that the Court has jurisdiction over a defendant."[15] Judge Africk then found that, taking the facts in the light most favorable to Plaintiffs, the burden was satisfied, and this

---

[10] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[11] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[12] *Templet*, 367 F.3d at 478-79 (citation omitted).

[13] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[14] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[15] Rec. Doc. 207 at p. 3 (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

Court sees no manifest error in Judge Africk's conclusion. However, Judge Africk noted in a footnote:

> While the plaintiff must ultimately demonstrate that jurisdiction is proper by a preponderance of the evidence, courts are permitted to defer the resolution of that question until trial to allow it to be resolved along with the merits.[16]

This, too, was a correct statement of the law, and sustaining this burden will require Plaintiffs to present evidence to demonstrate that the Court has personal jurisdiction over NIL, rather than requiring only that Plaintiffs allege facts that would support jurisdiction.

Accordingly, this Court finds that Defendants have not satisfied the standard for reconsideration of Judge Africk's order denying Defendants' Motion to Dismiss for Lack of Jurisdiction. This is because Defendants have done nothing more than rehash arguments previously presented and because the Court does not find Judge Africk's decision to be manifestly erroneous such that it was inappropriate for the Court to find personal jurisdiction over NIL at that juncture. However, the Court notes that, as Judge Africk correctly noted, the *prima facie* burden of Plaintiffs to demonstrate personal jurisdiction over NIL is not the ultimate burden that must be satisfied. Instead, it must ultimately be shown by a preponderance of the evidence that it is proper to assert personal jurisdiction over NIL.[17] Accordingly,

**IT IS HEREBY ORDERED** that this Court will not grant reconsideration of Judge Africk's

---

[16] *Id.* at n.13 (citing *Walk Haydel & Assoc., Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008)).

[17] *See Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) ("Whatever degree of proof is required initially, a plaintiff must have proved by the end of trial the jurisdictional facts by a preponderance of the evidence.") (quoting *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir. 1978))), *modified on other grounds*, 836 F.2d 850 (5th Cir. 1988).

order denying Defendants' Motion to Dismiss for Lack of Jurisdiction[18] but that the Court will consider any properly urged motion by Defendants if it appears that Plaintiffs have not proved the jurisdictional facts by a preponderance of the evidence at the conclusion of trial.

**NEW ORLEANS, LOUISIANA**, this 26th day of July, 2012.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **UNITED STATES DISTRICT JUDGE**

---

[18] Rec. Doc. 207.