**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., NABORS WELL SERVICES CO., and NABORS INDUSTRIES, LTD.** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

Before the Court is Defendants', Sea Mar Management LLC, Nabors Well Services Co., and Nabors Industries Ltd. (collectively, "Defendants") Motion to Reconsider the Court's Order Granting Plaintiffs' Ex Parte Motion for Leave to File a Reply to Defendants' Post-Trial Brief.

Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will deny Defendants' Motion.[1]

**I.  Arguments**

Defendants request this Court reconsider its order granting Plaintiffs' Ex Parte Motion for Leave to File a Reply to Defendants' Post-Trial Brief[2] because Defendants aver, "this Court is in a position to rule on this matter without additional briefing from the parties;" "Defendants do not believe additional briefing on this matter is necessary . . ."[3]; "[t]he Court is aware of each party's arguments on the causes of action asserted by Defendants"; and "although it is not on the record, Defendants believe that this Court stated on the last day of trial that, because the parties have

---

[1]  Rec. Doc. 600.

[2]  Rec. Doc. 597.

[3]  Rec. Doc. 600-1 at p. 1.

extensively briefed the issues to the Court, it would not entertain responses and replies to the post-trial briefing as it wished to rule on this matter sooner rather than later."[4]

In response, Plaintiff, Atel Maritime Investors, LP, et al. ("Atel") states, "Nothing in the record reflects any order or instruction by the Court that it would not entertain responses or replies to the parties' post-trial briefing"[5]; Atel "counsel does not recall any verbal instructions by the Court on the last day of trial or at any other time directing the parties to refrain from filing any responses or replies to the parties' post-trial briefing"[8]; and that upon inquiry of the Court's law clerk as to whether the Court would entertain a reply, counsel for Atel was instructed to communicate any request of the Court through a motion, which it did and that based upon said motion, leave was granted.

## II.  Law and Analysis

### A.    *Standard of Review*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[9] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[10]  When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal

---

[4]  Rec. Doc. 600-1 at p. 2.

[5]  Rec. Doc. 600-1 at p. 1.

[8]  *Id.*

[9]  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[10]  *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

Rule of Civil Procedure 54(b) controls.[11]  The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[12]

The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[13]  However, this broad discretion[14] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[15]  Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[16]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[17]  A Rule 59(e) motion "calls into question the correctness of a judgment,"[18]

---

[11] Fed. R. Civ. P. 54(b).  *See also Helena Labs*, 483 F. Supp. 2d at 538 n.1 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case).

[12] Fed. R. Civ. P. 54(b).

[13] *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[14] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

[15] *See, e.g.,* 18B Charles A. Wright et al., Federal Practice & Procedure § 4478.1 (2d ed. 2002).

[16] *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted).  *See also Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

[17] *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[18] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

and courts have considerable discretion in deciding whether to grant such a motion.[19]  In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[20] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[21]

Importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), "'are not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[22]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[23]  "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[24]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[25] and the motion must

---

[19] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[20] *Id.* at 355-56.

[21] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[22] *Castrillo*, 2010 WL 1424398, at *4 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[23] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[24] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[25] *Templet*, 367 F.3d at 478-79 (citation omitted).

"clearly establish" that reconsideration is warranted.[26]  When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[27]

## B. Analysis

As explained above, mere disagreement with a prior order is insufficient to merit reconsideration.  Here, Defendants have not argued manifest error of law, manifest injustice, or an intervening change in law.  In support of its request for reconsideration, Defendants only offer their unsubstantiated recollection of what they believe they heard the Court say on the last day of trial - although no such statement is in the record.  Even if such a statement was made, the Court, in its discretion, nonetheless has the authority to grant Atel's request for leave to file a reply.  The Court has wide discretion in how it controls its docket.[28]  Further, this Court's Scheduling Order states that replies will be considered upon the Court's granting leave to file.

---

[26] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[27] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented).  *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[28] There is no question that a district court has inherent power to "control the disposition of the causes on its docket . . . ."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

### III.  Conclusion

The Defendants have not asserted sufficient reason why this Court should reconsider the order at issue and therefore reconsideration is not warranted.

For the aforementioned reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider the Court's Order Granting Plaintiffs' Ex Parte Motion for Leave to File a Reply to Defendants' Post-Trial Brief is DENIED.

New Orleans, Louisiana, this 11th day of October, 2012.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE