## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ATEL MARITIME INVESTORS, LP, et al.**          **CIVIL ACTION**

**VERSUS**                                       **CASE NO. 08-1700**

**SEA MAR MANAGEMENT, L.L.C., NABORS**          **SECTION: "G"(4)**
**WELL SERVICES CO. AND NABORS**
**INDUSTRIES LTD**

## ORDER AND REASONS

Before the Court is Defendant Sea Mar Management, LLC's ("SMM") "Motion for an Award of Attorneys' Fees,"[1] "Motion for Leave to File Supplement to Defendant's Motion for Award of Attorneys' Fees,"[2] and "Motion to Deem Previously Filed Motion for Award of Attorneys' Fees Timely Filed."[3] After considering the pending motions, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will deny the pending motions.

## I. Background

### A. Factual Background

This case arose from a dispute concerning revenue allegedly owed to Plaintiff ATEL Maritime Investors, LP, et al. ("ATEL") as a result of two Master Bareboat Charter Agreements ("MBCA") entered into with Defendant SMM.[4] Under the MBCA, ATEL granted SMM a demise

---

[1] Rec. Doc. 608.

[2] Rec. Doc. 615.

[3] Rec. Doc. 620.

[4] Although there were two charter agreements, covering four vessels, the parties have never disputed that the terms of the charter agreements are identical with the exception of the vessel names and the ATEL entity involved. *See* Rec. Doc. 161-3, Rec. Doc. 161-4. Because the material terms are identical, as it has done throughout the course of these proceedings, here the Court will treat the MBCAs as one agreement.

charter[5] for four ATEL vessels for a period of three years. The MBCA obligated SMM to "use its commercially reasonable efforts to obtain time charters for the [v]essels and to keep the [v]essels under time charter throughout the term of this Charter" in exchange for a specified management fee plus an incentive fee.

However, SMM did not itself provide all of the services that it was obligated to provide under the MBCA. SMM entered into an agreement with Defendant Nabors Wells Services Company ("NWS"), a wholly owned subsidiary of the holding company, Defendant Nabors Industries, Ltd. ("NIL"), which also held an interest in SMM; instead of SMM itself providing the services specified in the MBCA, NWS would locate potential charterers and, once a customer was found, SMM would charter the vessel to NWS who would, in turn, subcharter the ATEL vessels to the end-user at a higher rate. As a result of this arrangement, ATEL received only the revenue earned under the initial charter between SMM and NWS, rather than the larger revenue stream that ATEL would have earned if SMM had chartered the vessels directly to the end-users at the higher end-rate.

## B. Procedural Background

On the basis of scheme described above, ATEL asserted numerous claims against Defendants NIL, SMM, and NWS.  The matter came before the Court for trial without a jury on July 30, 2012 through August 3, 2012. At trial, there remained claims for breach of contract, fraud, conversion, unjust enrichment, intentional interference with contract, intentional misrepresentation or nondisclosure, and negligent misrepresentation. On June 24, 2013, the Court entered its Judgment and Reasons, wherein it found that ATEL had failed to carry its burden of proof on each of its causes

---

[5] A demise charter is "a charter under which the shipowner surrenders possession and control of the vessel to the charterer, who then succeeds to many of the shipowner's rights and obligations." *Black's Law Dictionary*, 250 (8th ed. 2008).

of action against each defendant.[6] Also on June 24, 2013, the Court entered its Judgement "in favor of defendants, and against Plaintiff, ATEL, dismissing plaintiff's claims with prejudice."[7] On July 23, 2013, ATEL filed a Notice of Appeal.[8]

On July 24, 2013, SMM filed a "Motion for an Award of Attorneys' Fees,"[9] which was originally set for submission on August 14, 2013 but was later continued to October 23, 2013.[10] ATEL filed an opposition to SMM's "Motion for an Award of Attorneys' Fees" on October 15, 2013.[11] With leave of the Court, SMM, filed a reply on October 23, 2013.[12]

On September 13, 2013, SMM filed a "Motion for Leave to File Supplement to Defendant's Motion for Award of Attorneys' Fees,"[13] which was set for October 9, 2013. ATEL filed a memorandum in opposition on September 17, 2013.[14]

On October 11, 2013, SMM filed a "Motion to Deem Previously Filed Motion for Award of Attorneys' Fees Timely Filed,"[15] which was originally set for submission on November 6, 2013 but expedited to be heard on October 23, 2013.[16] ATEL filed a memorandum in opposition on October

---

[6] Rec. Doc. 604.

[7] Rec. Doc. 605.

[8] Rec. Doc. 606.

[9] Rec. Doc. 608.

[10] Rec. Doc. 613; Rec. Doc. 619.

[11] Rec. Doc. 623.

[12] Rec. Doc, 630.

[13] Rec. Doc. 615.

[14] Rec. Doc. 616.

[15] Rec. Doc. 620.

[16] Rec. Doc. 624.

23, 2013.[17]

## II. Parties' Arguments

### A. SMM's Motion for Attorneys' Fees

#### 1. SMM's Arguments in Support

In support of its Motion for Attorneys' Fees,[18] SMM asserts that "[t]he MBCA clearly allows the prevailing party to recover attorneys' fees, costs and expenses when a party attempts to enforce its rights under the MBCA."[19] Specifically, SMM points to Article 19 of the MBCA, which provides:

> **ARTICLE 19. ATTORNEYS' FEES AND EXPENSES.** If either party hereto engages an attorney to enforce its rights against the other party and/or the Vessels under this Charter and/or institutes litigation to enforce such rights, the prevailing party shall be reimbursed by the other party for all attorneys' fees and expenses, court costs, expert fees, costs of Vessels arrest and seizure incurred thereby.[20]

According to SMM, this provision is applicable as on June 24, 2013, "this Honorable Court ordered 'that there be judgment in favor of defendants and against plaintiff Atel, dismissing plaintiff's claims with prejudice.'"[21]

SMM claims that it is making its request for attorneys' fees "[p]ursuant to the Pre-Trial Order," which was entered in this case on July 25, 2012.[22] That order stated:

---

[17] Rec. Doc. 628.

[18] Rec. Doc. 608.

[19] Rec. Doc. 608-1 at p. 6.

[20] Rec. Doc. 608-1 at p. 2; *see also* Rec. Doc. 608-2 at p. 29, "Master Bareboat Charter Agreement" between Sea Mar Management LLC and ATEL Maritime Investors III, L.P., dated July 7, 2004.

[21] Rec. Doc. 608-1 at p. 2; *see also* Rec. Doc. 604; Rec. Doc. 605.

[22] *See* Rec. Doc. 564.

4

The parties have stipulated that should the Court award attorneys' fees and/or costs/expenses at trial, the parties agree that the determination of the amount of any attorneys' fees, expert fees, and other costs/expenses awarded should be bifurcated and determined at a subsequent hearing or pursuant to the future instructions of the Court. Therefore the parties will not be submitting evidence on these issues at trial.[23]

Turning to the amount of attorneys' fees that this Court should award,[24] SMM states that "[t]he United States Supreme Court has indicated that a 'lodestar' calculation is a useful starting point for determining the award of attorney's fees."[25] "Lodestar is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[26] SMM avers that the lodestar calculation will result in a "presumptively 'reasonable' rate under a fee-shifting statute,"[27] and "should only be modified in exceptional cases."[28] Applying these principles, SMM argues that it should be awarded attorneys' fees and expenses in the amount of $702,625.46.[29]

**2. ATEL's Arguments in Opposition**

First, ATEL contends that SMM is procedurally barred from seeking recovery of its attorneys' fees.[30] ATEL avers that "[i]t is undisputed that this Court's Judgment and Reasons (Rec. Doc. 604) and Final Judgment (Rec. Doc. 605) did not award, or even mention attorney's fees to

---

[23] Rec. Doc. 608-1 at p. 2; *see also* Rec. Doc. 564 at pp. 69–70.

[24] As discussed below, the Court finds that SMM's request is barred on procedural grounds; thus, SMM's substantive arguments in support of a specific amount of attorneys' fees and costs are described only briefly.

[25] Rec. Doc. 608-1 at p. 3 (citing *Perdue v. Kenny A.*, 559 U.S. 542 (2010)).

[26] *Id.* (quoting *Perdue*).

[27] *Id.*

[28] *Id.*

[29] *Id.* at 4.

[30] Rec. Doc. 623 at p. 1.

SMM."[31] Further, according to ATEL, "SMM failed to timely move to amend the judgment to include an award of attorney's fees, failed to timely file a motion for attorney's fees, and failed to timely appeal the judgment to seek an award of attorney's fees."[32]

ATEL asserts that "this Court has never issued a judgment awarding attorney's fees to SMM," and that "the Court's Judgment is silent with regard to the issue of attorney's fees."[33] Thus, ATEL maintains that "[i]n order to preserve its claim for attorney's fees, SMM should have moved to amend the judgment to include an award of [the] same."[34] According to ATEL, SMM did not file a timely motion to amend. ATEL points to Federal Rule of Civil Procedure 59(e), which provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[35] ATEL maintains that "[t]his time period is jurisdictional, and may not be extended by waiver of the parties or by rule of the district court."[36] Because SMM's motion was filed thirty days after entry of judgment, ATEL contends that "SMM is now barred from seeking an amendment to the judgment under Rule 59(e)."[37]

ATEL also avers that SMM's motion would fail under Federal Rule of Civil Procedure 60(a). According to ATEL, "Rule 60(a) only applies to simple clerical mistakes and 'does not apply to a motion seeking correction of an error of 'substantive judgment' or an error that effects substantial

---

[31] *Id.*

[32] *Id.*

[33] *Id.* at p. 5 (citing Rec. Doc. 604; Rec. Doc. 605).

[34] *Id.*

[35] *Id.* (quoting Fed. R. Civ. P. 59(e)).

[36] *Id.*

[37] *Id.* at p. 6.

6

rights of the parties.'"[38] ATEL contends that Rule 60(a) is not applicable because "SMM's attempt to amend the Court's judgment at this juncture to allow an award of attorney's fees is clearly a correction of 'substantive judgment' that would substantively affect ATEL's rights."[39]

Looking next at Federal Rule of Appellate Procedure 4, ATEL contends that "SMM could have appealed the Court's failure to award attorney's fees" but "the period for doing so has long since expired."[40] According to ATEL, Federal Rule of Appellate Procedure 4 provides that a "notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."[41] Further "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed . . . ."[42] ATEL asserts that it filed its notice of appeal on July 23, 2013, giving SMM until August 4, 2013 to appeal any judgment issued by this Court.[43] Thus, ATEL concludes that "SMM has waived any right to an appeal of this Court's Judgment not including an award of attorney's fees to SMM."[44]

Finally, ATEL maintains that SMM's request for attorneys' fees was not timely under Federal Rule of Civil Procedure 54(d).[45] Rule 54(d) requires that a claim for attorneys' fees be made

---

[38] *Id.* (quoting *Britt v. Whitmire*, 956 F.2d 509, 512–13 (5th Cir. 1992)).

[39] *Id.* at p. 7.

[40] *Id.*

[41] *Id.* (quoting Fed. R. App. P. 4(a)(1)(A)) (alternation in original).

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at p. 8.

by motion "filed not later than 14 days after the entry of judgment . . . ."[46] According to ATEL, "the time limit in Rule 54(d) is not couched in permissive language, but is mandatory," and ATEL cites the Fifth Circuit's opinion in *United Industries, Inc. v. Simon-Hartley, Ltd.* for the proposition that "a party's 'failure to file within the allotted period serves as a waiver of its claim for attorneys' fees.'"[47] ATEL asserts that the stipulation in the Pretrial Order invoked by SMM does not effect the time requirements set forth in Rule 54:

> The Stipulation upon which SMM relies in both its Motion for Award of Attorney's Fees (Rec. Doc. 608) and Supplemental Motion for an Award of Attorney's Fees (Rec. Doc. 615) was not a court order requiring the Court to issue further instructions with regard to SMM's claim for attorneys' fees and no such instructions were issued by the Court. Indeed, the stipulation clearly contemplates that the issue of the amount of attorney's fees to which a party is entitled, should the Court have awarded fees and not issued further instructions, must be "determined at a subsequent hearing" on motion of the party awarded attorney's fee[s]. SMM was not awarded fees and did not timely seek such a hearing as required by Fed. R. Civ. P. 54(d).[48]

According to ATEL, the deadline in Rule 54(d) should not be extended pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) because SMM has failed to show excusable neglect. ATEL argues that "[t]he only reason provided by SMM for its failure to timely file its motion for attorney's fees was that Defendant's counsel's office simply failed to calendar the deadline."[49]

After addressing these procedural arguments,[50]  ATEL maintains that even if the Court finds that SMM's request for attorneys' fees is timely, SMM cannot recover attorneys' fees because "all

---

[46] *Id.* (quoting Fed. R. Civ. P. 54(d)(2)).

[47] *Id.* (quoting *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996)).

[48] *Id.* at p. 9.

[49] *Id.* (citing Rec. Doc. 620).

[50] As discussed below, the Court finds that SMM's request is barred on procedural grounds; thus, ATEL's substantive arguments are described only briefly.

fees were billed to and paid by Nabors Corporate Services."[51] Further, many of the fees "were solely related to claims brought by ATEL against Nabors Well Services Co. ('NWS') and Nabors Industries, Ltd. ('NIL') or brought against SMM in tort and not arising from any breach of the Master Bareboat Charter Agreement ('MBCA')."[52]

### 3. SMM's Reply in Further Support

In response to ATEL, SMM first contends that its motion for attorneys' fees was timely filed pursuant to Federal Rule of Civil Procedure 60.[53] While SMM acknowledges that its initial motion filed on July 24, 2013 was not captioned as a Rule 60 Motion, SMM avers that "the substance of a pleading, not the title or caption, determines the pleading's character and sufficiency."[54] On this point, SMM refers the Court to its motion for leave to supplement its motion for attorneys' fees and the accompanying memorandum,[55] which this Court discusses in more detail below.[56]

Alternatively, SMM requests that the Court deem the July 24, 2013 motion to be timely filed pursuant to Federal Rule of Civil Procedure 6(b). SMM also filed a separate motion on this issue, which it incorporates by reference.[57] The Court will discuss this argument when it turns to the motion specifically addressing 6(b).[58]

---

[51] *Id.* at p. 1.

[52] *Id.* at pp. 1–2.

[53] Rec. Doc. 630 at p. 1.

[54] *Id.* at pp. 1–2.

[55] *Id.* at p. 2; *see also* Rec. Doc. 615.

[56] *See infra* Section II.B.

[57] Rec. Doc. 630 at p. 3; *see also* Rec. Doc. 620.

[58] *See infra* Section II.C.

Finally, SMM counters ATEL's argument that it should not recover all or some of its attorneys' fees requested by alleging that SMM did in fact incur legal fees in this matter and that attorneys' fees should not be apportioned among the defendants.[59]

### B. SMM's Motion for Leave to Supplement Motion for Attorneys' Fees

#### 1. SMM's Argument in Support

In its Motion for Leave, SMM requests that the Court grant it leave to supplement its Motion for Attorneys' Fees to include additional arguments.[60]

In its proposed pleading, SMM argues that its Motion for Attorneys' Fees should be characterized as a motion pursuant to Federal Rule of Civil Procedure 60. According to SMM, Rule 60 "allows the Court to correct a 'mistake arising from oversight or omission whenever one is found,'"[61] and permits "a party to request that the correct [sic] the omission or mistakebe [sic] corrected by a motion."[62] SMM avers that under this rule:

> Defendant filed its Motion for Award of Attorney's Fees within a reasonable time, thirty (30) days after it received the Judgment. The substance of the pleading, not the title or caption, determines the pleading's character and sufficiency. Atel's appeal was docketed on August 6, 2013. Therefore, Defendant timely filed its Motion for Award of Attorney's Fees.[63]

SMM contends that "although the issue of attorney's fees and costs was reserved pursuant to the future instructions of the Court, the Court omitted to provide instructions regarding the issue of

---

[59] Rec. Doc. 630 at pp. 3–4.

[60] Rec. Doc. 615 at p. 1.

[61] Rec. Doc. 615-2, at p. 2 (quoting Fed. R. Civ. P. 60(a)).

[62] *Id.*

[63] *Id.*

attorney's fees in its Final Judgment."[64] Therefore, SMM requests that "the Court correct the error or omission."[65]

### 2. ATEL's Argument in Opposition

In opposition, ATEL asserts that "SMM's argument that its Motion for Award of Attorney's Fees (Rec. Doc. 608) was substantively a request to amend the Court's June 24, 2013 judgment (Rec. Doc. 604) to add an award of attorney's fees to SMM is disingenuous and without merit."[66] ATEL points out that SMM's initial motion "did not mention that the judgment was silent as to any award of attorney's fees to SMM and did not pray for an amendment to the judgment to award attorney's fees to SMM."[67]

Further, ATEL contends that SMM did not file its Motion for Leave or assert any argument pursuant to Federal Rule of Civil Procedure 60(a) until September 13, 2013. According to ATEL, Federal Rule of Civil Procedure 60 provides that "after an appeal has been docketed in the appellate court and while it is pending" a mistake may only be corrected "with the appellate court's leave.[68] ATEL argues that since ATEL's appeal was docketed on August 6, 2013, SMM could not file its Rule 60 request on September 13, 2013 without first obtaining leave from the appellate court, which it did not do.[69]

Finally, ATEL urges that "even if the Court were to overlook these procedural deficiencies,

---

[64] *Id.*

[65] *Id.*

[66] Rec. Doc. 616 at pp. 1–2.

[67] *Id.* at p. 1.

[68] *Id.* at p. 2. (quoting Fed. R. Civ. P. 60(a)).

[69] *Id.*

allowing SMM to amend its motion for attorneys' fees in order to convert it into a Fed. R. Civ. P. 60(a) motion to amend judgment would be futile since SMM does not have grounds to amend the judgment under Rule 60(a)."[70] Quoting the Fifth Circuit in *Britt v. Whitmire*,[71] SMM states "Rule 60(a) does not apply to a motion seeking correction of an error of 'substantive judgment' or an error that affects the substantial rights of the parties.[72] Citing *Boatmen's National Bank of St. Louis v. Barge Phoenix Seadrill Big Foot One*,[73] a 1984 opinion of this Court, ATEL further asserts that "the amendment of a judgment to add an award of attorney's fees pursuant to Fed. R. Civ. P. 60(a) is not warranted when neither the judgment nor any prior orders made mention of attorney's fees."[74] According to ATEL, "[t]he same analysis applies when no ambiguity existed in the judgment or in any other order and the final judgment reflected what was intended at the time of submission and entry."[75] ATEL maintains that "there is no ambiguity in this case."[76]

### C. SMM's Motion to Deem Previously Filed Motion for Attorneys' Fees Timely Filed

#### 1. SMM's Argument in Support

In support of its motion, SMM presents an alternative basis for the Court's consideration of its Motion for Attorneys' Fees:

Defendant filed the Motion for Award of Attorney's Fees after the fourteen day deadline to

---

[70] *Id.* at p. 3.

[71] 956 F.2d 509, 512–13 (5th Cir. 1992).

[72] *Id.*

[73] 101 F.R.D. 749 (E.D. La. 1984).

[74] *Id.*

[75] *Id.*

[76] *Id.* at p. 4.

file a Motion for Costs under Rule 54 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Pro. 54(b). However, Defendant then filed a Motion for Leave to Supplement its Motion for Award of Attorney's Fees to indicate that Defendant wished to file the Motion according to Rule 60 of the Federal Rules of Civil Procedure. Alternatively, Defendant now requests this Court to deem the previously filed Motion for Award of Attorney's Fees timely as a Motion for Award of Attorney's Fees under Rule 54(b) of the Federal Rules of Civil Procedure. Specifically, Defendant requests leave from this Court under Rule 6 of the Federal Rules of Civil Procedure to deem the Motion for Award of Attorney's Fees filed on July 24, 2013 timely filed. *See* Fed. R. Civ. Proc. 6(b).[77]

SMM avers that pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend the deadline to a file motion for attorneys' fees "upon a motion made after the expiration of the specified period . . . where the failure to act was excusable neglect."[78] Quoting the Second Circuit in *Tancredi v. Metropolitan Life Ins. Co.*,[79] SMM states that "[t]o determine whether a party's neglect is excusable, a district court should take into account: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith."[80]

According to SMM, "there was no prejudice to Plaintiffs in Defendant's sixteen day delay of the filing of the Motion for Award of Attorney's Fees."[81] Further, SMM maintains that "[t]his minimal sixteen day delay does not have any impact on the pending appeal as this Court is able to rule on the motion, defer its ruling on the fees until after the appeal is determined, or deny the

---

[77] Rec. Doc. 620-1 at pp. 1–2.

[78] *Id.* at p. 2 (citing Fed. R. Civ. P. 6(b)(2)) (alteration in original).

[79] 378 F.3d 220, 228 (2d Cir. 2004).

[80] Rec. Doc. 620-1 at pp. 2–3 (alterations in original).

[81] *Id.* at p. 3.

motion without prejudice."[82] Looking at the reason for the delay, SMM contends that "Defendant filed the motion sixteen days after the deadline because of an oversight on the part of Defendant's counsel's office in failing to calendar the deadline to file the Motion for Award of Attorney's Fees."[83]

### 2. ATEL's Argument in Opposition

In opposition, ATEL asserts that "SMM cannot now be granted a retroactive extension of time to file and/or have its failure to calendar and/or comply with the filing deadline constituted 'excusable neglect' as required by Fed. R. Civ. P. 6(b)."[84] ATEL points out that SMM did not ask for an extension pursuant to Rule 6(b) when it filed its motion past the Rule 54(d) deadline:

> The timing of the filing of SMM's Motion to Deem brings into question whether the mistake in calendaring was as result of lack of awareness of the mandatory requirement of Rule 54(d). If SMM was aware of the calendaring error at the time that its Motion for an Award of Attorney's Fees was filed on July 24, 2013, it should have filed a motion to deem or for an extension of time at the time of that filing. This was not done. Instead, SMM did not file either its Motion for Leave to File Supplemental Motion for an Award of Attorney's Fees or its Motion to Deem until after it was notified by undersigned counsel that its Motion for Attorney's Fees was not timely filed.[85]

Quoting the Fifth Circuit in *Midwest Employers Casualty Co. v. Williams*,[86] ATEL explains the "excusable neglect" standard, saying:

> The determination is at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant,

---

[82] *Id.*

[83] *Id.* at pp. 3–4.

[84] Rec. Doc. 628 at p. 1.

[85] *Id.* at p. 3.

[86] 161 F.3d 887 (5th Cir. 1998).

and whether the movant acted in good faith.[87]

In this case, ATEL avers that "there will be clear prejudice to ATEL" if the Court allows the late filing because "the Court would essentially be reviving a claim that SMM alleges is worth nearly three-quarters of a million dollars."[88] Furthermore, according to ATEL, "allowing SMM to pursue its claim for attorney's fees by way of a late filed motion will complicate the appeal process as one or both of ATEL and SMM will have to file a second appeal to the Fifth Circuit."[89] With respect to the length of the delay, ATEL contends that the 16-day delay is not "minimal" as SMM contends, claiming "courts have repeatedly denied motions for attorney's fees when parties have missed the 14 day filing period by amount of time comparable to that of SMM."[90] Finally, looking to the reason for the delay, ATEL asserts that "it is clear that this factor weighs heavily against granting SMM's Motion to Deem."[91] Quoting caselaw from this district, ATEL maintains "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"[92]

---

[87] Rec. Doc. 628 at p. 4 (quoting *Midwest Employers*, 161 F.3d at 879) (alterations in original).

[88] *Id.*

[89] *Id.*

[90] *Id.* at 5 (citing *Chaney v. New Orleans Public Facility Mgmt*, No. 96-4023, 1998 WL 87617, at *2 (E.D. La. Feb. 20, 1998) (Clement, J.) (no extension granted in motion for attorney's fees filed thirty-two days after entry of judgment); *Pierce v. Philadelphia Hous. Auth.*, No. 94-4180, 1995 WL 625629, at *1 (E.D. Pa. Oct. 25, 1995) (motion for attorney's fees denied when filed twenty-four days after entry of judgment); *Sol Salin, Inc. v. W.M. Ercanbrack Co., Inc.*, 155 F.R.D. 4, 5 (D.D.C. 1994) (motion for attorney's fees denied where filed thirty days after entry of judgment)).

[91] *Id.* at 5.

[92] *Id.* at p. 6. (quoting *Chaney*, 1998 WL 87617, at *2).

15

## III. Law and Analysis

### A. Federal Rule of Civil Procedure 54(d)

Federal Rule of Civil Procedure 54(d)(2) lays out the procedural framework for an award of attorneys' fees. Subsection A requires that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."[93] In turn, Subsection B governs the contents of that motion and states that such a motion must be filed no later than 14 days after the court enters its judgment:

> Unless a statute or a court order provides otherwise, the motion must:
>
> (i)     be filed *no later than 14 days after the entry of judgment*;
> (ii)    specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii)   state the amount sought or provide a fair estimate of it; and
> (iv)    disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.[94]

In *United Industries, Inc. v. Simon-Hartley, Ltd.*, the Fifth Circuit explained that "unless modified by statute or court order," Rule 54(d)(2)(B)'s requirements are mandatory.[95] A party's failure to file a motion within the fourteen-day period "serves as a waiver of its claim for attorneys' fees."[96] However, in *Romaguera v. Gegenheimer*,[97] the Fifth Circuit clarified that in certain situations the strictures of Rule 54(d)(2) may not apply. Explaining that "one of the key functions

---

[93] Fed. R. Civ. P. 54(d)(2)(A)

[94] Fed. R. Civ. P. 54(d)(2)(B) (emphasis added).

[95] *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996).

[96] *Id.*; *see also Romaguera v. Gegenheimer,* 162 F.3d 893, 895 (5th Cir. 1998), *decision clarified on denial of rehearing*, 169 F.2d 223 (5th Cir. 1999) ("Unless modified by statute or court order, a party's failure to file a timely motion for attorneys' fees under Rule 54(d)(2) serves as a waiver of the request.").

[97] 162 F.3d 893 (5th Cir. 1998), *decision clarified on denial of rehearing*, 169 F.2d 223 (5th Cir. 1999).

of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorneys' fees" and that the rule "sets out the minimum requirements needed to effectuate a valid notice of the request," the Fifth Circuit stated that "[t]he failure to file the request would ordinarily result in a request being denied."[98] "However, a court may deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2)."[99]

In *Romaguera*,[100] Plaintiffs brought a § 1983 suit seeking to enjoin the Jefferson Parish Clerk of Court's employee drug-testing policy. The district court entered its first judgment in 1992.[101] In its Order and Reasons accompanying this judgment, the district court acknowledged that plaintiffs had a pending request for attorneys' fees, stating: "The plaintiffs have requested attorneys' fees under 42 U.S.C. § 1988. This shall be addressed at a separate hearing."[102] The 1992 judgment was vacated by the Fifth Circuit, and on remand, the district court entered judgment on May 6, 1996 in favor of plaintiffs after holding a trial on the merits.[103] In its "Finding and Conclusions on Remand," the court again mentioned plaintiffs' attorneys' fee request, stating: "The plaintiffs have requested attorney's fees under 42 U.S.C. § 1988. This shall be addressed at a separate hearing."[104] On May 16, 1996, defendant filed a motion for a new trial, which the district court denied on September 27,

---

[98] *Id.* at 895.

[99] *Id.*

[100] 162 F.3d 893 (5th Cir. 1998), *decision clarified on denial of rehearing*, 169 F.2d 223 (5th Cir. 1999).

[101] *Id.* at 895.

[102] *Id.*

[103] *Id.*

[104] *Id.*

1996; defendant then unsuccessfully sought to file an out-of-time appeal.[105] On April 14, 1997—343 days after the entry of final judgment and 199 days after the denial of defendant's motion for new trial—plaintiffs filed a motion for attorneys' fees, which the district court granted.[106]

On appeal, the Fifth Circuit explained that "the particular events that transpired excused Romaguera from having to file a motion for attorneys' fees,"[107] and held as follows:

> We hold that the district court's acknowledgment of Romaguera's request served to notify opposing counsel of the request, thereby satisfied Congress' intended purpose under Rule 54(d)(2). Had the district court refrained from giving the impression that a hearing would be scheduled by the court, Romaguera [Plaintiff] would have been required to file the motion under Rule 54(d)(2). As a consequence of the court's acknowledgment of the request, together with its indication in its order that a hearing would be held thereon, however, a filing was not needed and the subsequent filing by Romaguera simply served as a reminder to the court that it had failed to set a hearing date.[108]

In the case pending before this Court, the Court entered its judgment on June 24, 2013,[109] and so the deadline to file a motion pursuant to Rule 54(d) was July 8, 2013. SMM's motion was filed on July 24, 2013,[110] making it untimely unless the Rule 54(d) deadline was altered by Court order or not applicable pursuant to the exception articulated in *Romaguera.* While SMM does not cite *United Industries* or *Romaguera* in it briefs, SMM appears to suggest that the Court's pretrial order may allow it to circumvent Rule 54(d).[111] The pretrial order, however, does not provide a basis for

---

[105] *Id.* at 894.

[106] *Id.* at 894–95.

[107] *Id.* at 895.

[108] *Romaguera v. Gegenheimer*, 169 F.3d 223 (5th Cir. 1999), *denying rehearing of*, 162 F.3d 893 (5th Cir. 1999). In its denial of rehearing, the Fifth Circuit clarified the exact holding of its initial opinion.

[109] Rec. Doc. 605.

[110] Rec. Doc. 608.

[111] *See* Rec. Doc. 608-1 at p. 2 (requesting attorneys' fees "[p]ursuant to the Pre-Trial Order").

overlooking the fourteen-day deadline in Rule 54(d). That order provided:

> The parties have stipulated that should the Court award attorneys' fees and/or costs/expenses at trial, the parties agree that the determination of the amount of any attorneys' fees, expert fees, and other costs/expenses awarded should be bifurcated and determined at a subsequent hearing or pursuant to the future instructions of the Court. Therefore the parties will not be submitting evidence on these issues at trial.[112]

The pretrial order did not address the deadlines set in Rule 54(d); they were not extended or deemed not applicable. Further, the pretrial order did not actually set a hearing for the determination of attorneys' fees or say that one would occur. At most, SMM could have only anticipated that the Court would issue instructions "*should* the Court award attorneys' fees . . . at trial." This prerequisite never occurred. The Court did not award attorneys' fees at trial, as the Court's Judgment makes no mention of attorneys' fees.[113] Further, the Court's Judgment and Reasons only mentions attorneys' fees in the context of acknowledging that the parties *dispute* whether SMM would owe ATEL attorneys' fees if ATEL prevailed on the merits: "The parties stipulated to contractual damages of $2,873,5084 if liability is found; however, the parties dispute whether contractual or prejudgment interest, costs, and attorneys' fees are due if this Court finds in favor of ATEL."[114] Thus, this case differs markedly from *Romaguera* when the district court specifically stated that it would address attorneys' fees at a hearing.

Finally, the Court is cognizant of SMM's express acknowledgment that it failed to abide by the requirements of Rule 54(d). In its memorandum in support of its "Motion to Deem Previously Filed Motion for an Award of Attorney's Fees Timely Filed," SMM states: "Defendants filed the

---

[112] Rec. Doc. 564 at pp. 69–70.

[113] *See* Rec. Doc. 605.

[114] Rec. Doc. 604 at p. 3.

Motion for Award of Attorney's Fees after the fourteen day deadline to file a Motion for Costs under Rule 54 of the Federal Rules of Civil Procedure."[115]

In light of the fourteen-day deadline specified in Rule 54(d), SMM's recognition of its failure to meets this deadline, and the absence of any exception to the deadline, the Court finds that SMM's Motion for Attorneys' fees is barred as untimely, unless Federal Rule of Civil Procedure 6(b) applies.

## B. Federal Rule of Civil Procedure 6(b)

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for cause good, extend time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect."[116] In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the Supreme Court defined the excusable neglect standard, stating:

> [T]he determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.[117]

In this case, SMM explains that the reason for not filing within the deadline was "because of an oversight on the part of Defendant's counsel's office in failing to calendar the deadline to file the Motion for Award of Attorney's Fees."[118]

---

[115] Rec. Doc. 620-1 at p. 1.

[116] Fed. R. Civ. P. 6(b)(1)(B).

[117] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[118] Rec. Doc. 620-1 at p. 3–4.

Oversight on the part of counsel is not a viable basis for excusable neglect. As the Fifth Circuit explained in *McGinnis v. Shalala*, "actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect."[119] Where a deadline in the Federal Rules of Civil Procedure is unambiguous, "a district court's determination that the neglect is inexcusable is virtually unassailable," because otherwise "almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline."[120] Further, the Court notes that SMM did not ask the Court to consider its Motion for Attorneys' Fees timely pursuant to Rule 6(b) until October 11, 2013—approximately two and a half months after filing its original motion. Therefore, the Court finds that SMM has not demonstrated excusable neglect, and will not deem SMM's Motion for Attorneys' Fees timely pursuant to Rule 6(b).

## C. Federal Rule of Civil Procedure 60(a)

Alternatively, SMM asks the Court to consider its request for attorneys' fees as a motion pursuant to Rule 60(a), rather than Rule 54(d). Federal Rule of Civil Procedure 60(a) provides that:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.[121]

As a preliminary matter, it is unclear whether this Court even has the authority to act pursuant to Rule 60(a). Where an appeal is pending, the district court may only correct a mistake

---

[119] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[120] *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877 (5th Cir. 1998) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 467–70 (5th Cir. 1998)).

[121] Fed. R. Civ. P. 60(a).

"with the appellate court's leave." In this case, ATEL's appeal was docketed on July 29, 2013.[122]

SMM's initial request for attorneys' fees was filed on July 24, 2013; however, this motion made no

mention of Rule 60(a).[123] SMM did not ask the Court to award it attorneys' fees pursuant to Rule

60(a) until September 13, 2013, well after ATEL's appeal had been docketed.[124] Although SMM

styled its September 13, 2013 request as a "Motion for Leave to Supplement" its July 24, 2013

motion, it is unclear whether SMM can avoid seeking leave of the appellate court through this

mechanism.[125]

Even if leave of the appellate court is not required, a request for attorneys' fees is not a

"clerical mistake or a mistake arising from oversight or omission" as contemplated by Rule 60(a).

As the Fifth Circuit explained in *In re Transtexas Gas Corp.*, "Rule 60(a) provides a specific and

very limited type of relief."[126] "Rule 60(a) finds application where the record makes apparent that

the court intended one thing but by merely a clerical mistake or oversight did another. Such a

mistake must not be one of judgment or even of misidentification, but merely of recitation, of the

sort that a clerk or amanuensis might commit, mechanical in nature."[127] Furthermore, "Rule 60(a)

does not apply to a motion seeking a correction of an error of 'substantive judgment' or an error that

---

[122] *See* ATEL Maritime Investors, L.P., et al. v. Sea Mar Management, L.L.C., et al., 5th Cir. Docket No. 13-30790. The Court notes that the parties state that ATEL's appeal was docketed on August 6, 2013. *See* Rec. Doc. 615-2 at p. 2; Rec. Doc. 616 at p. 2. However, a review of the Fifth Circuit docket shows that the case was docketed on July 29, 2013.

[123] Rec. Doc. 608.

[124] Rec. Doc. 615.

[125] SMM has not responded to Atel's argument that it must obtain leave of the appellate court prior to requesting relief under Rule 60(a).

[126] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

[127] *Id.* (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994)).

affects substantial rights of the parties."[128]

In this case, SMM is not requesting the "specific and very limited type of relief" available under Rule 60(a). A review of the record in no way "makes apparent" that the Court intended to award SMM attorneys' fees. As discussed above, the Court's Pretrial Order did not demonstrate an intent to award attorneys' fees:

> The parties have stipulated that should the Court award attorneys' fees and/or costs/expenses at trial, the parties agree that the determination of the amount of any attorneys' fees, expert fees, and other costs/expenses awarded should be bifurcated and determined at a subsequent hearing or pursuant to the future instructions of the Court.[129]

Rather, the Court merely noted that *if an award of attorneys' fees was made*, then the specific amount would be determined at a future hearing. Additionally, SMM is seeking an award of $702,625.46 in attorneys' fees and expenses.[130] Given the amount at stake, the determination of attorneys' fees in this case affects the "substantial rights of the parties," further indicating that construing the motion under Rule 60(a) is inappropriate.

## IV. Conclusion

As discussed above, SMM's Motion for Attorneys' Fees was not filed by the deadline specified in Federal Rule of Civil Procedure 54(d), and SMM is not entitled to an extension of this deadline pursuant to Rule 6(b). Furthermore, SMM's request for attorneys' fees cannot be construed as a Rule 60(a) motion. Accordingly,

**IT IS HEREBY ORDERED** that SMM's "Motion for an Award of Attorneys' Fees"[131] is

---

[128] *Britt v. Whitmire*, 956 F.2d 509, 512–13 (5th Cir. 1992).

[129] Rec. Doc. 564 at pp. 69–70.

[130] Rec. Doc. 608-1 at p. 4.

[131] Rec. Doc. 608.

DENIED;

 **IT IS FURTHER ORDERED** that SMM's "Motion for Leave to Supplement Defendant's

Motion for Award of Attorney's Fees"[132] is **DENIED**;

 **IT IS FURTHER ORDERED** that SMM's "Motion to Deem Previously Filed Motion for

an Award of Attorney's Fees Timely Filed"[133] is **DENIED**.

 **NEW ORLEANS, LOUISIANA**, this _22nd_ day of January, 2014.

 **NANNETTE JOLIVETTE BROWN**
 **UNITED STATES DISTRICT JUDGE**

---

[132] Rec. Doc. 615.

[133] Rec. Doc. 620.

24