UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATEL MARITIME INVESTORS, LP, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 08-1700** |
| **SEA MAR MANAGEMENT, L.L.C., NABORS WELL SERVICES CO. AND NABORS INDUSTRIES LTD** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendant Sea Mar Management LLC's ("SMM") "Motion for an Award of Attorney's Fees for Attorney's Fees Incurred in the United States Fifth Circuit Court of Appeals,"[1] wherein SMM seeks $72,922.00 in appellate attorneys' fees. After considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

This matter came before the Court for trial on the merits without a jury on July 30, 2012 through August 3, 2012. On June 24, 2013, the Court entered its Judgment and Reasons, wherein it found that ATEL had failed to carry its burden of proof on each of its causes of action against each defendant.[2] Also on June 24, 2013, the Court entered a Judgement dismissing all of ATEL's claims with prejudice.[3] The Judgment did not award attorneys' fees to SMM.[4]

On July 24, 2013, SMM filed a "Motion for Award of Attorney's Fees," wherein it sought

---

[1] Rec. Doc. 634.

[2] Rec. Doc. 604.

[3] Rec. Doc. 605.

[4] *Id.*

1

$702,316.96 in attorneys' fees, expenses, and court costs incurred during litigation before the district court.[5] SMM additionally filed a "Motion for Leave to File Supplement to Defendants' Motion for Award of Attorney's Fees," wherein it alleged that the Court's failure to award attorneys' fees to SMM in the June 24, 2013 Judgment was a clerical error or omission such that the Judgment was subject to amendment pursuant to Fed. R. Civ. P. 60(a).[6] On October 11, 2013, SMM filed a "Motion to Deem Previously Filed motion for Award of Attorney's Fees Timely Filed."[7] On January 22, 2014, the Court denied all of these motions because SMM's "Motion for Award of Attorney's Fees"[8] was not timely filed pursuant to Fed. R. Civ. P. 54(d).[9]

On July 23, 2013, ATEL filed a Notice of Appeal from this Court's June 24, 2013 Judgment.[10] On June 6, 2014, the Fifth Circuit issued an Order affirming this Court's judgment on the merits and stating that "IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court."[11] The Fifth Circuit did not remand any aspect of the case to this Court.

SMM filed the pending "Motion for an Award of Attorney's Fees for Attorney's Fees Incurred in the United States Fifth Circuit Court of Appeals"[12] on June 19, 2014. ATEL filed a

---

[5] Rec. Doc. 608.

[6] Rec. Doc. 615.

[7] Rec. Doc. 620.

[8] Rec. Doc. 608.

[9] Rec. Doc. 632.

[10] Rec. Doc. 606.

[11] Rec. Doc. 638 at p. 1.

[12] Rec. Doc. 634.

memorandum in opposition on July 1, 2014.[13]

## II. Parties' Arguments

*A.   SMM's Arguments in Support*

SMM contends that it "prevailed in the appeal filed by ATEL for ATEL's claims against [SMM] arising from the MBCA. Therefore, Defendant, Sea Mar Management, LLC is entitled to its reasonable attorney's fees, expenses and court costs for defending the appeal."[14] Specifically, SMM contends that it is entitled to $72,922.00 pursuant to Article 19 of the MBCA.[15] To determine reasonable attorney's fees, according to SMM, the Court must first calculate the "lodestar," and will then consider the applicability and weight of the twelve factors enumerated under *Johnson v. Georgia Highway Express, Inc.*[16] As evidence of the lodestar, SMM submits a chart identifying attorneys Thomas J. Smith, Amanda Kurz Smith, and Brandon Wentworth, as well as unnamed paralegals and legal clerks, along with the hours billed by each and reasonable hourly rates, for the work performed after the Notice of Appeal was filed in this case.[17] This evidence, according to SMM, represents approximately one year of work.[18]

SMM additionally submits the sworn affidavit of Thomas J. Smith, a director in the law firm

---

[13] Rec. Doc. 637.

[14] Rec. Doc. 634-3 at p. 3.

[15] Rec. Doc. 634-3 at p. 3. Article 19 states:
    If either party hereto engages an attorney to enforce its rights against the other party . . . under this Charter and/or institutes litigation to enforce such rights, the prevailing party shall be reimbursed by the other party for all attorneys' fees and expenses, court costs, expert fees, costs of Vessels arrest and seizure incurred thereby.

[16] *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

[17] *Id.* at p. 4.

[18] *Id.* at p. 6.

3

of Galloway, Johnson, Tompkins, Burr & Smith, wherein he attests that the hourly rates used in the lodestar calculation are comparable to and within the range of the prevailing market rates in the New Orleans legal market for similar maritime litigation services.[19] Smith additionally attests that he reviewed the time entries of the attorneys, paralegals, and law clerks, and submits that the work performed was reasonable and necessary to defend the appeal filed by ATEL.[20]

Finally, SMM proffers the sworn affidavit of Norman C. Sullivan, Jr., Senior Partner at the law firm Fowler, Rodriguez, Valdes-Fauli, wherein he attests that his current hourly billable rate is $350.00, and that this rate is well within the range of prevailing market rates in the New Orleans legal market for similar maritime litigation services provided by attorneys of reasonably comparable skills, experience, and reputation.[21] Sullivan states that the hourly rates charged by SMM's counsel is comparable to the hourly rates charged by ATEL's counsel.[22]

### B.     *ATEL's Arguments in Opposition*

In opposition, ATEL first contends that SMM's motion is precluded by *res judicata* because the Court has already determined that SMM is not entitled to attorney's fees as a result of its failure to timely file its Rule 54(d) motion for attorney's fees.[23] ATEL contends that the pending motion meets all four requirements of *res judicata* because, according to ATEL, (1) the same parties are involved; (2) there was a prior judgment entered on the merits of the claim; (3) there was a prior

---

[19] Rec. Doc. 634-4.

[20] *Id.*

[21] Rec. Doc. 634-4. Sullivan's affidavit was previously submitted to the Court in connection with SMM's earlier motion for attorney's fees (Rec. Doc. 434-5).

[22] *Id.* at p. 3.

[23] Rec. Doc. 637 (citing Rec. Doc. 632).

4

final judgment entered on the merits of the claim; and (4) the same claim or cause of action was involved in both actions.[24] ATEL argues that SMM's claims for appellate attorney's fees could have been addressed in its original motion for attorney's fees. ATEL submits that:

> Had the Court ruled that SMM was entitled to attorney's fees, the Court could have estimated an amount that would have reasonably compensated SMM for its appellate attorney's fees or SMM could have moved the court for an additur with respect to additional attorney's fees incurred in the Fifth Circuit following the conclusion of the appeal.[25]

ATEL cites several cases in support of the argument that district courts may award conditional attorneys' fees in anticipation of appellate litigation.[26] Further, ATEL states that it cannot locate any authority wherein a party was awarded appellate attorney's fees after being denied attorney's fees incurred in the district court litigation of the lawsuit.[27]

ATEL next contends that a party cannot recover damages without a judgment awarding them, and that here, there is no judgment awarding SMM attorney's fees from either this Court or the Fifth Circuit.[28] The Fifth Circuit judgment, according to ATEL, simply affirms the judgment of this Court and orders ATEL to pay to SMM and NWS the costs on appeal to be taxed by the Clerk of the Court.[29] These costs, ATEL argues, include fees related to docketing, preparation, and filing of briefs and records, but do not include attorney's fees.[30] Moreover, according to ATEL, the Fifth Circuit's

---

[24] *Id.* at p. 6 (citing *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)).

[25] *Id.* at p. 7.

[26] *Id.* (citing, e.g., *Sciambra v. Graham News*, 892 F.2d 411 (5th Cir. 1990)).

[27] *Id.*

[28] *Id.* at p. 8.

[29] *Id.*

[30] *Id.* at pp. 8–9.

5

judgment was not a "judgment" within the meaning of Fed. R. Civ. P. 54(d) such that the fourteen day period for filing a motion for attorney's fees is reset, because Rule 54 contemplates only judgments of the district court.[31]

In the alternative, ATEL argues that SMM has failed to produce sufficient evidence to establish its entitlement to the requested attorney's fees of $72,922.00.[32] ATEL contends that the lodestar analysis is inapplicable here because the MBCA expressly states that the prevailing party is only entitled to its actual attorney's fees incurred.[33] According to ATEL, SMM has failed to introduce any evidence of payment or any statements from its attorneys showing the amounts allegedly incurred.[34] Additionally, ATEL contends that some of the arguments raised on appeal by ATEL were related solely to tort claims such as fraud and conversion that were brought against NWS, but not against SMM.[35] Accordingly, ATEL argues that any attorney's fees that are related to issues involving both ATEL's claims against SMM for breach of contract and ATEL's tort claims against NWS should be reduced through apportionment.[36] Finally, ATEL contends that the hourly rates reflected in Sullivan's affidavit are inflated.[37] Accordingly, ATEL argues, even if a lodestar calculation is appropriate, the rates sought by SMM are "grossly out of proportion" to the reasonable

---

[31] *Id.* at p. 9 (citing Fed. R. Civ. P. 54(d), (a)).

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at p. 10.

[37] *Id.* at p. 12.

rates that have already been approved by the Court in this litigation.[38]

### III. Law and Analysis

Federal Rule of Civil Procedure 54(d)(2) lays out the procedural framework for an award of attorneys' fees.[39] The advisory committee notes to the 1993 amendments explain that Rule 54(d) requires "the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)."[40] The commentary additionally provides that "[a] new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59."[41] If a court of appeals grants a motion for attorneys' fees, it may either determine the fees itself or remand the matter to the district court to calculate the appropriate fee amount.[42] In cases where a party first requested and received attorneys' fees from the district court, the Fifth Circuit has remanded the issue of appellate

---

[38] *Id.*

[39] Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). Pursuant to Rule 54(d)(2)(B), a motion for attorneys' fees must:
(i)     be filed no later than 14 days after the entry of judgment;
(ii)    specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii)   state the amount sought or provide a fair estimate of it; and
(iv)    disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

[40] Fed. R. Civ. P. 54, advisory committee's note on the 1993 amendments.

[41] *Id.*

[42] *See Williams v. Trustmark Ins. Co.*, 173 Fed. App'x. 330, 335 (5th Cir. 2006) (unpublished) (remanding the district court's award of attorneys' fees and instructing the court to include a prevailing plaintiff's appellate fees)*; Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) ("Now that we have ruled in favor of Instone, the matter is ripe for adjudication. We remand in order to allow the district court to make the initial determination and award of appellate attorney's fees."); *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) ("[W]e award Norris attorneys' fees for appeal and we remand to allow the district court to determine the amount of attorneys' fees to be granted to Norris for appellate work."); *Stelly v. C.I.R.*, 804 F.2d 868, 871 (5th Cir.1986) ("In some cases where we have imposed sanctions, we have determined the amount of the sanction ourselves. In other cases, ... we have remanded the case to the district court in order to determine the amount of attorney's fees." (internal citations omitted)).

attorneys' fees following the resolution of the appeal.[43] However, the Fifth Circuit has found that a district court abused its discretion in awarding appellate attorneys' fees to a party that failed to request such fees in its initial fee motions in the district court or on appeal.[44]

SMM's motion for appellate attorneys' fees must be denied for several reasons. First, for the reasons set forth in its January 22, 2014 Order, this Court has already determined that SMM is not entitled to attorneys' fees pursuant to Rule 54(d).[45] Additionally, SMM's initial fee motion did not request appellate attorneys' fees, indicate that appellate attorneys' fees would be sought in the future, or provide a fair estimate of any future fees.[46] Accordingly, even if the initial fee motion had been granted, it was insufficient to "alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)."[47]

Furthermore, SMM identifies no judgment of the Fifth Circuit awarding the relief that it now seeks. The Fifth Circuit did not award SMM attorneys' fees or remand any issue to this Court for further examination. In affirming this Court's judgment on the merits, the Fifth Circuit held that "IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendants-appellees the costs on appeal

---

[43] *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003); *see also Silver Dream, L.L.C. v. 3MC, Inc.*, 519 Fed. App'x. 844, 850 (5th Cir. 2013) (unpublished) ("The Chens were granted attorney's fees by the district court for proceedings below and request the opportunity to seek a similar award for this proceeding. We agree that this is a matter for the district court and remand for this purpose"); *Penton v. Am. Bankers Ins. Co.*, 115 F. App'x 685, 687 (5th Cir. 2004) (unpublished) ("Now that this court has ruled in favor of the Pentons in the underlying appeal, the matter of their appellate attorney's fees will be ripe for adjudication by the district court.").

[44] *Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 73 F. App'x 78 (5th Cir. 2003) (unpublished).

[45] Rec. Doc. 632.

[46] *See* Rec. Doc. 608.

[47] *Id.*

to be taxed by the Clerk of this Court."[48] It has long been held that "costs on appeal" do not include attorneys' fees,[49] and this Court is not free to alter the Fifth Circuit's mandate.[50] Additionally, since no "reversal or remand by the appellate court" occurred in this case, this Court has not entered a new judgment and started a new period for filing Rule 54(d) motions.[51] SMM has not identified any basis for this Court to award appellate attorneys' fees, much less to alter the Fifth Circuit's judgment to consider such action.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that SMM's "Motion for an Award of Attorney's Fees for Attorney's Fees Incurred in the United States Fifth Circuit Court of Appeals" is **DENIED.**

   **NEW ORLEANS, LOUISIANA** this __2nd__ day of February, 2015.

                              _____
                              **NANNETTE JOLIVETTE BROWN**
                              **UNITED STATES DISTRICT JUDGE**

---

[48] *Id.* at p. 1.

[49] *See Seyler v. Seyler*, 678 F.2d 29, 31 (5th Cir. 1982).

[50] *United Indus., Inc. v. Simon Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996) (citations omitted).

[51] Fed. R. Civ. P. 54, advisory committee's note on the 1993 amendments.